## FORAKER, EXR v KOCKS, ADMR

Ohio Appeals, 5th Dist, Perry Co

Decided November 27, 1931

T. M. Potter, New Lexington, for plaintiff in error.

Page & Hartley, for defendant in error.

LEMERT, J.

The defendant in error herein claims that the said Catherine Noon at the time of her death, August 10, 1927, had full title to one-half of the eight thousand dollar certificate of deposit, and likewise, full title to one-half of the five hundred dollar United States Government registered bond, and she, as such administratrix, seeks to recover from the estate of said Bernard Noon the said sum of one-half of said two items of property.

On the other hand, W. D. Foraker, as executor of Bernard Noon, the plaintiff in error, claims full title in said Bernard Noon, deceased, to the whole of said certificate and said bond, and denies right of said defendant in error to participate in any part thereof.

Both these parties are deceased; Catherine, the wife, dying first, and Bernard, the husband, about six months later. The cashier of the bank at Corning, Ohio, who handled all of the transactions, is likewise deceased. So that the conversations between him and the said Catherine Noon and Bernard Noon, or either of them, and the directors given at the time of taking out the respective certificates and the renewals thereof and the purchase of said bond as their reasons, if any, for having the same issued in said form, and as to what disposal, if any, was to be made thereof in case of death, is absent from the record.

We have before us the instruments as issued. The certificate as a whole is payable to either. The bond was issued in the joint names. After the death of his wife Bernard Noon cashed the certificate, placed the money in his own checking account as his own money, exchanged the registered bond for a coupon bond, and claimed all of it as his own.

Now the question arises, whose money in fact was it with which the certificates of deposit and bonds were purchased. We believe that under the recent law in Ohio the principles have been laid down and well established upon which this case can be decided, instead of going to the courts of other states, where divided opinions have been held and where decisions have been affected in part by the statutes of certain states and the common law therein.

From the presentation of this case in oral argument and an examination of the briefs filed herein, the theory of counsel for the plaintiff in error seems to be that survivorship in Ohio could be presumed or ingrafted in the common ownership in certificates of deposit where no survivorship was expressed, either in a certificate or by declarations made with the cashier of the bank where the money was deposited. In Ohio we believe this theory has been abandoned completely, and rightly so, by reason of the language expressed by the Supreme Court of Ohio in 120 Oh St, 542, 550 and 552, wherein it was held, that while joint tenancy with the incidental right of survivorship does not exist in Ohio, the parties may, nevertheless, contract for a joint ownership, with the right of survivorship, and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship as an incident to the joint tenancy, but by the operative provisions of the contract. If a joint tenancy is expressed without words of survivorship, under the unbroken line of authorities in Ohio, it will be considered as a tenancy in common.

At page 550 we note the following language:

"The principal contention in the arguments of counsel relates to the right of contract for survivorship in Ohio. It may be broadly stated that title to either real or personal property by technical joint tenancy is not recognized in this state; that is to say, joint tenancy, with the necessary attributes of unity of interest, title, time, possession, etc., is not longer recognized, and wherever the expression 'joint tenancy' is found, without any effort to expressly provide for survivorship, it is uniformly construed as a tenancy in common. In many states of the Union such statutes have been abolishing joint tenancy. No such statute has ever been enacted in Ohio, but early in the history of our state a statute was enacted which gave the right to partition among joint tenants."

So that the central thought in the above case can be applied to the case at bar—

that is, that survivorship is not presumed in Ohio but must be definitely contracted before it becomes operative in Ohio. In the case at bar there was no survivorship, and none can be presumed. So that we believe, under well established rules in Ohio, survivorship must be expressed somewhere, either in the certificates themselves or by notations or declarations to the bank, in order that the survivor may receive them. However, funds owned in common or owned individually by one party, can become the property of the survivor, and in all cases in Ohio where the fund has passed to the survivor, either the word "survivor" or a contract or declaration for survivorship has existed in the deposit. In this case there is no survivorship mentioned, no directions to the cashier of the bank, and no contract of survivorship. That, then, eliminates the contention of the plaintiff in error that he is entitled to these funds in Ohio as a representative of the survivor, of Catherine Noon.

In addition to the claim of survivorship as urged by plaintiff in error in the court below, there is also the claim of presumption of ownership of these funds at the time they were deposited, and he now claims that the burden was upon the defendant in error to have established by extrinsic evidence the fact that she was a joint owner in these moneys deposited, and that no presumption arises in her favor by reason of the wording of the certificate and bond and the circumstances of the case.

Mr. and Mrs. Noon had been married for more than twenty years, and from the record it appears that Mr. Noon had owned and lived in a home at Corning, Ohio, which he inherited from his father. It does not appear at that time that he had any money. At the time of their marriage it appears that Mrs. Noon owned a lot in Columbus, Ohio, and that she had on deposit at the Buckeye Building & Loan Company, Columbus, Ohio, the sum of one thousand nine hundred and fifty dollars. The record also discloses that Bernard Noon worked for the railroad company and received his earnings. It is also true that the said Catherine Noon, as shown by the record, was a thrifty wife. From an examination of the record in this case, we can not presume that all the money saved by this thrifty couple came from the earnings of Bernard Noon exclusively. It would be a mere assumption on our part to say that because a man had money from one source, that these certificates of deposit were created from that source, unless it was proved that there were no other sources, by inheritance or otherwise which has not

been done in the instant case. In the case at bar there was no showing that this couple had received revenue from other sources, but we have a finding of the trial judge, acting as a jury, that this fund was accumulated by Mr. and Mrs. Noon as their joint and common fund and belonged to both of them. That finding of fact can not be set aside by this court, unless it is manifestly against the weight of the evidence.

However, if that finding had not been made by the trial court, a presumption arises that at the time that the money was placed in certificates of deposit and the bond that this money was impressed with a contract of ownership, wherein they had equal rights, without any survivorship.

In the 7th **Corpus Juris, 640,** it has been held that 'the presumption is that the interest of joint depositors is equal.'

It is to be noted that in Ohio that ownership is presumed vested in the names as given in the deposit or investment, in the absence of other testimony to the contrary.

The above principle of law is well laid down in the **114 Oh St 241, Cleveland Trust Company v Scobie.**

An examination of the record in the case at bar clearly shows the fund in question was the joint savings of Mr. and Mrs. Noon, the joint earnings and savings of a lifetime. The checking account in which they first saved their money was in their joint names. Both Mr. and Mrs. Noon had charge of these funds, and a reading of the certificates, copies of which are attached to the bill of exceptions, shows that upon more than one occasion Mrs. Noon transferred the certificate on her own endorsement In other words, Mr. Noon did not assume full control of this fund, but on many occasions Mrs. Noon, herself, transferred them.

With reference to the registered Liberty bond, in which five hundred dollars was invested, which was registered with the same words that appear in the certificate of deposit and in their joint checking account: this fund was converted by Bernard Noon, after the death of his wife, into another Liberty bond. It is true, that for the purpose of registration and transferring, the rules of the United States Treasury recognize the survivor as the proper party to whom transfer of the bond should be made. That rule is for the convenience of the United States Government in the transaction of their business, and does not and can not confer title in the Liberty Bond or create a contract of survivorship in the bond in the state of Ohio, where a contract of survivorship is not presumed.

So in conclusion, we find that, there being no contract of survivorship in any of these funds, the funds being joint funds, in which both Mr. and Mrs. Noon were tenants in common, each owning the one-half interest thereof, we find and hold that plaintiff's petition in error be and the same is hereby dismissed and the judgment of the Common Pleas Court is hereby sustained.

Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.