Probate Court of Franklin County.

IN RE ESTATE OF THATCHER.

Decided July 5, 1933.

*Frank L. Nevius,* for brothers of Jessie May Thatcher.

*Willard C. Walter* for the niece of Edward W. Thatcher.

MCCLELLAND, J.

Harvey N. Pinnick as the administrator of both of the above estates has filed with this court a petition in each case, for a determination of the heirs of both decedents. Since the question involved is the same in both cases, these petitions were heard at the same time.

The petitions state that Edward W. Thatcher died on April 13, 1933, and that Jessie May Thatcher, who was the wife of Edward W. Thatcher, died on April 16, 1933, but within three days after the death of her husband; that both decedents died leaving no children and no father or mother; that Jessie May Thatcher left three brothers, Edward, William and Harley Scarrett, and that Edward W. Thatcher left no brothers or sisters, but left a niece, Nellie McCann. The testimony taken at the hearing substantiates the above allegations, except that the niece of Edward W. Thatcher is named Dorothy McCann and not Nellie McCann. These facts however are not disputed.

The court is asked in both cases to determine who are entitled to inherit; the question being whether or not Jessie

May Thatcher is entitled to inherit from her husband, Edward W. Thatcher, and *vice versa.*

The question arises upon the construction of Section 10503-18 of the Probate Code, which became effective January 1, 1932. This is the first time that this question has been presented to this court, and counsel for both sides state that they have been unable to find any decisions of any other courts in Ohio involving this question.

The statute under which we are asked to determine this question is Section 10503-18, General Code, which reads as follows:

"Section 10503-18, General Code—PRESUMPTION OF ORDER OF DEATH. When there is no evidence of the order in which the death of the two or more persons occurred, no one of such persons shall be presumed to have died first, and the estate of each shall pass and descend as though he had survived the other or others. When the surviving spouse or other heir at law or legatee dies within three days after the date of death of the decedent, or within thirty days after the date of death of such decedent if such death resulted from a common accident, the estate of such first decedent shall pass and descend as though he had survived such heir-at-law or legatee. The provisions of this section shall prevail over the right of election of a surviving spouse."

In view of the fact that we have not been advised of any other case in Ohio involving the construction of Section 10503-18, General Code, the court will consider briefly some of the numerous reasons set forth by counsel for the heirs of Jessie May Thatcher why the statute should not apply to these cases.

Counsel argues that this statute "is special and was enacted for a definite and specific purpose," the purpose being stated as he says in the first clause of the statute as follows:

"When there is no evidence of the order in which the death of two or more persons occurred,"

and he quotes *Babjak* v. *Ivanick, et al.,* 27 N. P. (N. S.) which is a case involving the construction of the half and half statute, now Section 10503-5, General Code. We need only state that this *is* a special purpose statute but that the statute covers three distinct situations, and that the

second sentence of the statute is not predicated upon the first clause in the statute. The first clause does not embody the reason for the whole statute, but merely states a situation which the sentence was enacted to cover.

It is quite clear that the first sentence of the statute deals with a situation where there is *no evidence* of the order in which the deaths of two or more person occurred. Such a situation may be readily imagined; take for instance an aeroplane accident in which several lives are lost and all the passengers are found dead when the plane is first discovered; there is no evidence of the order in which the deaths occurred. The deaths may have been instantaneous, some may have lingered on for days and some may have survived for more than a month before they were discovered dead. In such a case, where there is no evidence of the order in which the deaths occurred, no one of such persons shall be presumed to have died first. The first sentence of the statute applies to such a case, and it must be observed that it applies to all persons and includes husband and wife, heirs-at-law or legatees, or any persons entitled by law or will to a share in the estate of the other decedent.

This part of the statute serves the purpose of doing away with a lot of speculation in cases of that kind, as to which person died first.

Counsel for the brothers of Jessie May Thatcher also claims that the statute applies only in cases where the deaths resulted from a common accident. The wording of the statute is clear, and makes a distinction between deaths occurring within three days, (which may have resulted from any cause) or within thirty days, where the deaths resulted from a common accident. In other words, the statute lengthens the time of its operation to thirty days where the deaths are the result of a common accident, and limits it to three days when the deaths are not the result of a common accident.

Counsel for the brothers of Jessie May Thatcher lays much stress upon the fact that the statute provides that,

"the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee,"

and that the term "surviving spouse" is omitted in this part of the statute. His claim is that the term "surviving

spouse" is not included in the term "heir at law" used in the statute.

Upon this point we quote the Supreme Court case of *Weston* v. *Weston*, 38 O. S. 473, which involved the construction of a will wherein the term "heirs-at-law" was used, and held that the term included the widow of the decedent. The syllabus of that case reads as follows:

"A testator, having executed his will giving, in trust for the benefit of his sole and only child, property consisting of non-ancestral real estate and personal property, and directing that 'in case my said child should die without issue her surviving, then all and singular the property so devised shall pass to and vest in my heirs-at-law,' died leaving surviving him his said child, and also his wife, a brother and two sisters who survived the child. *Held*: That upon the death of the child without issue, the widow of the testator succeeded to the property, under the will, as heir-at-law of the testator."

The following excerpts are copied from the opinion of the court:

"In support of this contention it is claimed that a husband or wife relict, who succeeds to the estate of the deceased husband or wife, cannot, in a legal sense, be called an *HEIR*: and *Gauch* v. *St. Louis M. L. Ins. Co.*, 88 Ill. 251, is relied on as authority. We think the case cited is directly against the claim. The point there decided is, that one taking a dower estate does not succeed to it as an heir; but *Rawson* v. *Rawson*, 52 Ill., 62, and *Richards* v. *Miller*, 62 Ill. 417, are approved, which hold that a wife or husband relict who takes under the law of descent takes as *HEIR*. And such we think is the legal meaning of the word. *Brower* v. *Hunt*, 18 Ohio St., 311.

"We think the unmistakable intention of the testator was, that this property, in case of the death of his daughter Mary without issue her surviving, should take the identical course under the will, it would have taken under the statute, if he had died childless and intestate. * * *"

Of course we appreciate that in will construction cases, the term "heir-at-law" as used by the testator, is, according to the intention of the testator as disclosed by the wording of the will, often construed to mean persons other than those who would inherit under the law of descent and distribution.

However the term "heir-at-law" as used in the statute may have been construed before the enactment of the new Probate Code, we feel that we can now safely state, since the right of dower has been abolished (Section 10502-1, General Code) as well as the distinction between ancestral and non-ancestral property, and between personal property and real estate, and, since the surviving spouse takes his or her distributive share of the estate after all of the debts are paid, under the statute of descent and distribution (Section 10503-4, General Code) the same as children and other heirs at law of the decedent, that the surviving spouse is an heir at law of the deceased spouse. This change in the rights of the surviving spouse is a very radical departure from the old law which allowed property to descend to the children and other heirs subject to the dower rights of the surviving spouse, and this change we must recognize in our terminology, when we come to discuss who, under the law are the heirs at law of a deceased person.

The last sentence of Section 10503-18, General Code, to-wit:

"The provisions of this section shall prevail over the right of election of a surviving spouse."

clearly shows that the section applies to this case, which involves a husband and wife. If the section was not intended to cover such a case there would have been no reason to include the last sentence.

Counsel for Dorothy McCann, the niece of Edward W. Thatcher, has shown ingenuity in furnishing the court a transcript of the proceedings of the Probate Code Committee of the Ohio State Bar Association, certified to by Frank M. Raymund, member thereof, which committee after four years of study drafted the new Probate Code.

The following minutes of the Committee meeting held April 3 and 4, 1930, as shown at page 834 under Suggestion 470, are illuminating, to-wit:

"DESCENT AND DISTRIBUTION.
"(v) 470 Make presumption of order of death rule cover cases where survivorship exists for only few days.
"The committee unanimously approved paragraph (a) of sub-committee report i. e., no presumption at all as to survivorship.

"The committee also approved paragraph (b) i. e., that where survivorship of three days in ordinary case, or thirty days where accident, first decedent's estate descends as though he had survived second decedent.

"Mr Fuller: I cannot see equity in letting all property pass to other branch of family where only few days difference.

"Mr. Fauver: Is wife heir at law?

"Mr. Fuller: By construction, yes.

"Mr. Fauver: We should make that clear.

"Mr. Raymund: Will this apply to wills?

"Mr Fuller: Yes.

"Mr. Fauver: Must reconcile this with election statute. It was agreed that this be made the superior statute."

As Diebel says "this statute serves a laudable purpose." When an heir or legatee of a deceased person dies so shortly after the death of such deceased person, so as to eliminate the possibility of such heir or legatee enjoying the benefits derived from the estate of such deceased person, there is no reason in law or equity for causing the estate of such deceased person to pass from his or her heirs to the heirs of the beneficiary who does not survive long enough to enjoy the benefits therefrom.

Counsel for the brothers of Jessie May Thatcher claims that the half and half statute, Section 10503-5, General Code, applies to this case. This is not correct, because neither party under the statute under consideration, is considered as having survived the other. As shown by the minutes of the Probate Code Committee, this statute was to be made a superior statute. If it was not intended to be made the superior statute, the last sentence with reference to the election of the surviving spouse would not have been included in the statute.

The fact that the term "heir-at-law" includes surviving spouse under the new Probate Code appears all the stronger when we come to consider the section on Determination of Heirship, Sections 10509-95 to 10509-101, General Code, the very section under which these actions have been brought. Section 10509-95, General Code, reads "whenever property passes by the laws of intestate succession, * * * proceedings may be had * * * to determine the persons entitled to such property." No one would claim that a sur-

viving spouse would not be entitled to his or her share of an intestates estate, yet this section on Determination of Heirship make no mention at all of the term "surviving spouse." It provides that the petition shall set forth the *heirs* or next of kin and conclude with a prayer for the determination of the *heirs* of such decedent, that upon hearing the court shall find and adjudge who are or were the *heirs* or next of kin entitled by law to inherit the estate, and that any fiduciary may distribute an estate upon such determination. The court must certainly determine that the surviving spouse is entitled to share in the estate, yet the term surviving spouse is completely ignored in this section governing the procedure for a determination of heirs. Consequently we are forced to the conclusion that the term "heir-at-law" as used in the statute includes surviving spouse.

The court therefore finds and adjudges that Dorothy McCann is the only niece of Edward W. Thatcher, and, as such is his only heir, and entitled by law of this state to inherit his estate, and that his wife Jessie May Thatcher by virtue of Section 10503-18, General Code, is not entitled to inherit his estate. The court further finds and adjudges that Edward Scarrett, William Scarrett and Harley Scarrett are the only brothers of Jessie May Thatcher, and, as such are her only heirs, and entitled by the law of this state to inherit her estate, and that her husband Edward W. Thatcher by virtue of Section 10503-18, General Code, is not entitled to inherit her estate.

Inasmuch as this is a Determination of Heirship proceeding, the question as to which estate is entitled to the proceeds of certain insurance policies on the lives of both decedents, in which policies these decedents were designated as the beneficiaries thereof, and also the question on the joint bank account, not being proper matters for consideration on a determination of heirship proceedings, are not now being passed upon by the court. These questions may be raised on exceptions to the inventories. However, since the administrator is in doubt as to these matters, the court will briefly consider these two questions for the purpose of assisting him in his administration.

As to the insurance policies, it must be observed that they constitute a particular contract in which three parties have an interest viz: the insured, the company and the beneficiary. By the express terms of these policies, immediately upon the death of the insured, the policies mature and the rights of the designated beneficiary to the proceeds of the policies become fixed. There has been submitted to the court photostatic copies of the two policies with the Equitable Life Insurance Company of Iowa, on the life of Edward W. Thatcher, in which Jessie May Thatcher, the wife, is designated beneficiary thereof. One of these policies provides that the Company "promises to pay * * * to Jessie May Thatcher, wife, of the insured, * * * one thousand dollars, upon the legal surrender of this policy, and upon receipt at its said office, while this policy is in full force, of due proof of the death of Edward W. Thatcher, the insured." The other policy contains similar wording.

It must be borne in mind that insurance policies made payable to a designated beneficiary, upon the death of the insured, form no part of the estate of the insured, but vest immediately in the beneficiary and become part of his or her property. Since Section 10503-18, General Code, controls only the estate of a deceased person, it has no application to the policies on the life of Edward W. Thatcher, since they vested immediately upon his death in his wife, Jessie May Thatcher, who survived him.

The provision in the policy on the life of Edward W. Thatcher that "the interest of any beneficiary who dies before the insured shall vest in the insured, unless otherwise provided for by endorsement on this policy at the direction of the insured," contemplates that the beneficiary in actual point of time shall die before the insured, and does not contemplate any statutes, which for the purposes of descent and distribution of a decedent's estate, consider neither of two persons as having survived the other.

There is no question concerning the Metropolitan Life Insurance Policy on the life of Jessie May Thatcher, since it is the settled Life Insurance law that when the designated beneficiary, predeceases the insured, the policy becomes payable to the estate of the insured, unless the policy otherwise provides.

With reference to the joint bank account in the City National Bank and Trust Company, the testimony of the administrator discloses that the account stood in the name of Edward W. or Jessie Thatcher. A copy of the record of the bank has not been submitted to the court.

As a guide to counsel in determining the ownership of the joint bank account, we refer them to the case of *Foraker, Exr.* v. *Kocks, Admx.,* 36 O. L. R. 156; 41 O. App. 210, which case covers the questions on joint accounts very thoroughly and clearly, and distinguishes the Scoby case, 114 O. S. 24 and the Hutchinson case, 120 O. S. 542, which are cases involving joint ownership of property to which is attached a stipulation with reference to the right of survivorship.

If there is no provision as to the right of survivorship in the joint account in this case, under authority of *Foraker* v. *Kocks, supra,* each estate should be entitled to half of the joint account, there being no evidence to destroy the presumption that they held the account as tenants in common.