In re Estate of Collins: Watcher et al., Appellants, v. Crawford, Exrx., Appellee.

(No. 161—Decided July 26, 1945.)

*Messrs. Paxton & Seasongood,* for appellants.

*Messrs. Nichols, Speidel & Nichols* and *Mr. J. Price Osborne,* for appellee.

By the Court. This controversy arose on exceptions to the account of the executrix of the estate of Anna Collins, deceased. The Probate Court overruled all the exceptions and the contest is brought to this court as an appeal on questions of law.

It was attempted to surcharge the account in ten respects by including certain property withheld by the executrix as gifts *inter vivos* to her and her sister. There was also an exception to the amount allowed by the court to the executrix beyond the statutory allowance, on the basis of extraordinary services.

It is asserted that the court erred in several respects:

(1) The first claim which would affect all the rulings of the court is that the rulings are manifestly not sup-

ported by that degree of proof required and are manifestly against the weight of the evidence.

We have read the evidence and briefs and have given this claim careful consideration.

There is, with one exception, substantial evidence supporting all the rulings of the court, the weight to be given being dependent upon the credit accorded to witnesses. Under such circumstances this court would not be justified in substituting its judgment for that of the trial court.

Counsel rely to a large extent upon *Bolles* v. *Toledo Trust Co., Exr.*, 132 Ohio St., 21, 4 N. E. (2d), 917, but there is sufficient testimony, if believed, in this case to prove every element of a completed gift as defined in that case. In that case, the court found there was no evidence of delivery or of facts from which delivery could be inferred. There is no such deficiency in this case.

(2) The one exception is the balance of $247.41 in the Hyde Park branch of the Second National Bank. The record shows that $1,000 was taken from the account of Anna Collins in the Southern Ohio Savings Bank & Trust Company and deposited in the Hyde Park branch of the Second National Bank in the joint names of Anna Collins and Joyce Crawford. At the time, Anna Collins was sick and in a hospital. Joyce Crawford attended to the transfer and the deposit was made withdrawable by either. As a matter of fact, all withdrawals were made on the signature of Joyce Crawford, but all money withdrawn during the lifetime of Anna Collins was either given to her or expended as directed by her. The original deposit of $1,000 was Anna Collins' money and no other deposits were made.

Joyce Crawford contributed none of her money to this deposit, but upon the death of Anna Collins ac-

counted for only one-half as executrix, on the theory that as a matter of law she personally owned one-half. Reliance is placed upon *Foraker, Exr.,* v. *Kocks, Admx.,* 41 Ohio App., 210, 180 N. E., 743, to support this position. We do not think the cases are analogous.

If Joyce Crawford owned one-half after Anna Collins' death, she owned one-half of the deposit from the beginning. There was no survivorship provision and no evidence that Anna Collins intended to transfer any part of her title to Joyce Crawford. In the absence of such intent, the title continued in the original owner.

In the *Foraker case,* the court dealt with a deposit in the joint names of husband and wife. There was evidence that the wife had inherited as much as the husband and that their accumulations had been the product of their joint efforts. Furthermore, even assuming that the husband owned the entire title in the first place, placing it in the name of his wife thereafter would cause an inference of gift to arise. No such inference arises where the claimant is not a relative.

Our conclusion is that this entire balance belonged to Anna Collins and constituted an asset in the hands of her executrix, and that the account of executrix should be surcharged with the one-half withheld.

(3) Some of the transactions involved occurred while Anna Collins was a patient in the hospitals located in Cincinnati. Hospital records were offered in evidence, to which the court sustained objections. As shown by the record they were offered to show what her condition was and that she was under treatment. The court excluded them on the ground that there was very little in them that was intelligible to it and, therefore, "practically useless." There was no interpretative testimony offered.

It appeared without dispute that Anna Collins was afflicted with cancer during all the time when these incidents took place. She made her will, when she was

so afflicted, about a month before her death. The validity of the will was not questioned in any way. It was not claimed that the disease had any close relation to her brain, or that it affected her mind. It is suggested that these hospital records show that opiates were administered at times and that that reflects upon the likelihood of some of the things testified to having taken place. The quantity, the duration, the potency of the drug, and many other facts necessary to a conclusion as to whether any relation between the effect of the drug and the questioned acts are left to pure speculation. It is not claimed that Anna Collins, either because of her disease or the drugs administered to her, was mentally incapable during all the time she was in these hospitals, or that she was so at any particular time.

The ground of exclusion shows that the court considered that they had very little probative value.

We cannot say that prejudicial error was committed in the exclusion of these records.

We find no error, prejudicial to the appellants, except as to the deposit in the Hyde Park branch of the Second National Bank.

For these reasons, the judgment will be modified as indicated, and affirmed as modified.

*Judgment accordingly.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the opinion and judgment.