### GLADIEUX et. v. PARNEY et.

Ohio Appeals, Sixth District, Lucas County.

Decided November 19, 1951.

Winchester & Winchester, Toledo, for appellee Ada Gladieux.

Ohlinger, Koles, Wolf & Flues, Toledo, for appellee William H. Hasselbach.

George S. Bradley, Charles E. Idle, Jr., Toledo, for appellants.

### OPINION

By SAVORD, J.

This is an appeal on questions of law from an order and judgment of the probate court of Lucas County, Ohio.

On February 23, 1950, the appellees acting in their representative capacity, filed their petition for the construction of the will and codicil of Cyril Gladieux, deceased, seeking instructions of the court with respect to certain questions pre-

sented as a result of claimed ambiguities in the will and codicil. The answer of appellants was expressive of the construction which they considered should be accorded the will and codicil. Counsel for all parties succeeded in attaining agreement as to answer to eight of the submitted questions and the conclusion thus reached was approved by the probate court and so expressed in its judgment.

The remaining questions have their origin in the fact that at the time of the death of Cyril Gladieux there was on deposit with United Savings & Loan Association the sum of $3423.84, the account being designated "Cyril Gladieux or Ada Gladieux, survivorship account"; with First Federal Savings & Loan Association the sum of $7,080.07, the account being designated "Cyril and/or Ada Gladieux" and in a safe deposit box fifteen Series E bonds, with a maturity value of $100 each and all of such bonds made payable to Cyril Gladieux or Ada Gladieux.

The petition sought answer to the following questions:

(a) Does the codicil affect the legal title to said deposits and bonds which would otherwise vest in the survivor, Ada Gladieux, in the absence of such codicil?

(b) If the legal title to such bonds and deposits passes to the survivor Ada Gladieux, does said codicil affect the equitable title thereto and require the said Ada Gladieux to hold the same in trust under the terms and provisions of the trust provided in Items IV and V of said last will and testament?

(c) Should said bonds and deposits be included by the executor as a part of the inventory in the estate of Cyril Gladieux?

(d) Is Ada Gladieux the absolute owner of said property and the codicil without effect?

The cause was submitted to the probate court upon a stipulation substantially constituting an agreed statement of facts and such stipulation is the sole matter comprehended within the bill of exceptions in this case. The pleadings admit that, save for its formal parts, the codicil to the will of Cyril Gladieux reads as follows:

"My savings deposits and my United States bonds are in my name and that of my wife. That is money on deposit that belongs entirely to me, and the bonds also represent my own money. I am sure my wife would not want any of this nor would I want any of her funds and I direct the said deposits and the proceeds from the said Bonds be placed in the body or residue of my estate and be divided as specified in said Item V of my said will."

The probate court concluded, and rendered judgment accordingly, that the codicil did not affect the legal title to the accounts and bonds; that Ada Gladieux did not hold same as trustee; that the accounts and bonds belonged to Ada Gladieux absolutely and that the accounts and bonds should not be included in the inventory of the estate of Cyril Gladieux.

No citation of authority is required in support of the conclusion of the probate court with respect to the effect of the codicil. It finds its foundation in sound principle and logic. At best, the codicil is but a self-serving declaration and can not be accepted as in any wise tending to establish the actual ownership or title to the accounts and bonds.

It is apparent from the record that Cyril and Ada Gladieux were married on November 12, 1928; that at the time Ada Gladieux was unemployed and, other than performing the ordinary household duties, she continued so during the entire period of the marriage; that at the time of her marriage Ada Gladieux owned property of a value between $5,000 and $9,000; that from the proceeds of the sale of certain real estate belonging to her mother, she received approximately $1,500, which remained in her possession at the time of the stipulation; that as of July 1950, Ada Gladieux was the owner of accounts in various institutions and of certain certificates of the approximate value of $17,000, and in addition thereto undivided one-half interests in certain real estate mortgages; that she had made numerous deposits in and withdrawals from said individual bank accounts and that from time to time Ada Gladieux made certain contributions towards defraying the cost of household furnishings and expenses.

The record further discloses that the funds deposited in the accounts and employed in the purchase of the bonds represented monies received by Cyril Gladieux by way of income from investments, rents or employment; that none of said money accrued from any gifts or bequests received by Ada Gladieux; that Ada Gladieux never made any deposits in the particular accounts; that while she had authority to do so, she made but one withdrawal and that, at the time of his death, Cyril Gladieux owned real and personal property of an approximate value of $45,000.

With a situation thus created and existing at the time of the death of Cyril Gladieux, we are confronted with the question, has Ada Gladieux proven by sufficient evidence her absolute right to the deposits and bonds in their entirety. We are convinced that she has with respect to the deposit

with the United Savings & Loan Association, and to that extent the judgment of the probate court was correct and should be sustained.

Directing consideration to the deposit in First Federal Savings & Loan Association and the bonds, we recognize that though the evidence may be sufficient to establish joint ownership of this particular account and the bonds, it does not follow that it is sufficient to establish a survivorship right in Ada Gladieux.

The right of survivorship has its foundation in the contractual relationships of the parties. **Foraker v. Kocks, 41 Oh Ap 210**, et seq., 180 N. E. 743, 745, is expressive of the principles which correctly apply to the instant case. That case recognizes that joint tenancy with incidental right of survivorship does not exist in Ohio; "the parties may, nevertheless, contract for a joint ownership," and that even though joint tenancy exists, survivorship is not presumed. It therefore follows that before a deposit or other property can be accepted as possessing the survivorship aspects, such survivorship right must be the product of definite contract. The intention to create the survivorship right must be made manifest either by the method employed in designating the account, appropriate notation or declarations, comprehensive enough in character to make clear the intention of the parties.

In **The Cleveland Trust Co., v. Scobie, Adm'r., 114 Oh St 241,** et seq., 151 N. E. 373, 48 A. L. R. 182, and all the later cases. wherein the law as stated in the Scobie case has been followed, it is to be observed that the word "survivor" has been used or a contract or declaration has existed with respect to the deposit or other asset involved. Therein we find the difference between the instant case and such other authorities.

The most liberal application of the doctrine of judicial notice is not of sufficient force to require a court to take notice of the vast number of Federal and State regulations, infinite in variety and subject to frequent amendment. Therefore, in the absence of proof as to the regulations, indicating the conditions of issuance, transfer and payment of the bonds of this particular series, the foregoing conclusions apply with equal force to the fifteen series E bonds. Upon proof that such regulations provide for the creation of a contract of survivorship between the owners of such bonds and that the owners acquired the bonds with knowledge of and intent to create as between themselves a survivorship agreement pursuant to such regulations, the right of survivor to the pro-

ceeds of the bonds would be sufficiently established. In the absence of such proof, the right of survivorship does not exist. This for the reason that a contract of survivorship is not, as a matter of law presumed. **Foraker, v. Kocks, 41 Oh Ap 210** et seq., 180 N. E. 743.

The record fails to present sufficient evidence to warrant the conclusion that a contract of survivorship existed between Cyril Gladieux and Ada Gladieux with respect to the First Federal Savings & Loan Association account and the Series E bonds, and we are therefore compelled to conclude that the judgment of the probate court with respect to the First Federal Savings & Loan Association account and the Series E bonds is manifestly against the weight of the evidence and in these particulars must be reversed. The judgment of the probate court with respect to the United Savings & Loan Company account is affirmed.

FESS, PJ, CONN, J, concur.