**In re Susanna and Danny GRIEGER, Debtors.**

**Elizabeth A. VAUGHAN, Trustee, Plaintiff,**

v.

**UNION BANK AND SAVINGS COMPANY, et al., Defendants.**

**Bankruptcy No. 93–3308.
Related No. 93–32813.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Aug. 31, 1994.

Stephen K. Bennett, New London, OH, for Danny Paul Grieger and Carmella M. Gould.

Elizabeth A. Vaughan, Trustee, Plaintiff, Toledo, OH.

### MEMORANDUM · OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Memorandum in Support, Reply, and Motion to Strike; and Defendant's Motion in Opposition, Memorandum in Support, Motion for Summary Judgment, Memorandum in Support, and Final Reply. This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment and Motion to Strike should be Denied; that Defendant's Motion for Summary Judgment should be Denied; and that the matter should be scheduled for trial.

### FACTS

On or about February 11, 1993, Debtor Danny Grieger, and Carmella Gould, the mother of Danny Grieger, signed a loan agreement with the Union Bank and Savings Company (UBSC) in the amount of nine thousand four hundred eighty-four dollars and forty-three cents ($9,484.43). The monies borrowed were turned over to Danny Grieger. The loan was secured by a certificate of deposit, account number 01–7–089301, at UBSC which would mature in the amount of seventeen thousand dollars ($17,000.00). The certificate of deposit was titled in the name of "Carm M. Grieger Gould or Dan P. Grieger". On September 30, 1993, Debtors Danny and Susanna Grieger filed a Chapter 7 bankruptcy and Elizabeth A. Vaughan was appointed Trustee in the matter. Pursuant to the Bankruptcy Court Order dated January 2, 1994, the loan was foreclosed by the UBSC and the debt was satisfied by liquidating the certificate of deposit. The value of the certificate of deposit at the time of liquidation was sixteen thousand nine hundred sixty-four dollars and seventy-four cents ($16,964.74) and the remaining balance of the loan was nine thousand two hundred forty-three dollars and fifteen cents ($9,243.15), leaving a surplus of seven thousand seven hundred twenty-one dollars and fifty-nine cents ($7,721.59). The Trustee holds the remaining funds from the certificate of deposit in an interest bearing account.

Trustee has filed a Motion for Summary Judgment, asking that the surplus funds be found to be property of the Debtor's estate. Defendant Danny Grieger, and his mother Carmella Gould have likewise filed a Motion for Summary Judgment claiming that the surplus funds are rightfully the property of Carmella Gould, and has asked the Court to order that the funds be returned to her.

### LAW

Section 541 of the Bankruptcy Code provides in pertinent part:

(a) The commencement of a case ... creates an estate. Such an estate is comprised of all the following property, wherever located and by whomever held:

(1) ... [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

### DISCUSSION

■ Determinations concerning the administration of the debtor estate, orders to turn over property of the estate, and other proceedings affecting the liquidation of the

assets of the estate are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

Summary judgment will be granted to the movant upon demonstration that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgement must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987), (quoting *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky. (1985)).

The issue presented in this case is to what extent Debtor Danny Grieger, as an alternate payee, owns an interest in the certificate of deposit so as to bring this interest into the Debtor's estate for the benefit of creditors under section 541, supra.

■ The ownership interest in the certificate of deposit is a question of state law. *Fetter v. United States,* 269 F.2d 467 (6th Cir.1959). See also *In re Garretson,* 6 B.R. 127 (Bankr.E.D.Tenn.1980); *In re Goldstein,* 135 B.R. 703 (Bankr.S.D.Florida 1992); *In re Hall DeMarco,* 114 B.R. 121 (Bankr.N.D.W.Va.1990). Questions concerning the ownership interests of negotiable interests are not governed by the Ohio Commercial Code, but depend on the arrangement between the two payees. *Parker v. Parker,* 2 Ohio Misc. 93, 203 N.E.2d 513 (1965); *Franke v. Third National Bank,* 31 Ohio App.3d 189, 509 N.E.2d 955 (1986). See also *Garretson, Goldstein,* and *DeMarco,* supra.

The Ohio Supreme Court recently handed down a decision clarifying the law in the area of joint tenancies arising from situation where alternate payees are named in bank obligations. *Wright v. Bloom,* 69 Ohio St.3d 596, 635 N.E.2d 31 (1994). In *Wright,* beneficiaries of a decedent's estate brought an action seeking a determination that the funds which remained in joint bank accounts were property of the decedent's estate, rather than the joint depositor. This situation is very

similar to the herein case where the Trustee is attempting to retain the property of a joint certificate of deposit for the creditors of the Debtor's estate.

In *Wright,* however, language was also included in these accounts that the balance was to go to the survivor upon the death of the alternate payee. The Court addressed both the situation concerning joint accounts with survivorship language, and those without, and held that the opening of an account with joint and survivorship language shall be conclusive evidence of the depositor's intent to transfer a survivorship interest to the alternate payee, absent fraud or mistake. 69 Ohio St.3d at 605–606, 635 N.E.2d at 39. Likewise, the Court held that opening a joint account without survivorship language will be conclusive evidence of the depositor's intent not to vest a survivorship interest in the alternate payee, absent fraud or mistake. *Id.*

■ In the case at bar, there has been no evidence presented to the Court other than the affidavit of Carmella Gould, allegedly the depositor of the funds of the certificate of deposit, that the deposit was made in alternate form for the purpose vesting a survivorship interest in her son, Danny Grieger. Further, under the Court's holding in *Wright,* the fact that the certificate of deposit bears no survivorship language is conclusive evidence that there was no intent to create a joint survivorship account.

This issue of survivorship, however, is not necessarily determinative of the outcome in this case. The *Wright* Court also reiterated its earlier holding in *In re Estate of Thompson,* 66 Ohio St.2d 433, 423 N.E.2d 90 (1981), that a joint and survivorship account belongs, during the lifetime of the parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent. 69 Ohio St.3d at 601, 607, 635 N.E.2d at 35, 39. This result is very similar to the Court's ruling in *Bauman v. Walter,* 160 Ohio St. 273, 116 N.E.2d 435 (1953), wherein the Court looked to the intent of the parties to determine whether the funds deposited in an account in the names of husband "or"

wife, with no survivorship language, were the property of the husband upon the death of the wife. The *Bauman* Court held that because the funds were deposited by the wife, who kept control of the funds during her lifetime, they should be included as the property of her estate. 160 Ohio St. at 278, 116 N.E.2d at 438. See also *Gianfrancesco v. LaRiccia*, 1989 WL 49494 (Ohio App.); *In re H.L. Derrow*, 1986 WL 8678 (Ohio App.).

The most notable difference between the ownership interests in joint accounts with survivorship, and those without, appears to be the rebuttable presumption given to the latter that each joint depositor contributed equally in the ownership of the funds on deposit. In *Thompson*, the Court expressly limited its holding to joint survivorship accounts. 66 Ohio St.2d at 439, 423 N.E.2d at 94. Thus, the law remained unchanged that joint accounts without survivorship there have a rebuttable presumption that the interests of each joint depositor are equal, absent evidence to the contrary. *Foraker v. Kocks*, 41 Ohio App. 210, 180 N.E. 743 (1931). *Waltenberger v. Pearson*, 81 Ohio App. 51, 77 N.E.2d 491 (1946). See also *In re Phillips*, 41 B.R. 148 (Bankr.N.D.Ohio 1984) and *Bauman*, 160 Ohio St. at 275, 116 N.E.2d at 437.

Thus, in the case at bar, factors such as who deposited the funds and the intent of the parties are material facts to the determination of the ownership of the certificate of deposit in question. Carmella Gould and Danny Grieger state in their Answer and Affidavits that the funds used to purchase the certificate of deposit were those of Carmella Gould, who received them from the sale of her house in September of 1989. The Trustee points out, however, that the original certificate of deposit which allegedly held the funds before the proceeds were rolled over into the instrument in question, was purchased in April of 1989, before the proceeds of the house may have been received. Further, the Closing Statement received from Carmella Gould and Danny Grieger shows that only five thousand ninety-four dollars and twenty two cents ($5,094.22) was to have been tendered to Carmella Gould from the sale of her home, far less than the amount necessary to purchase the certificate of deposit. Thus, an issue of material fact exits as to the source of the funds used to purchase the certificate of deposit.

Another point to be addressed is the Motion to Strike filed by the Trustee in response to the exhibits submitted by the Defendant in her Final Reply and Response of Defendant in Opposition to Plaintiff's Motion for Summary Judgment. These exhibits are intended to show that the interest earned on the certificate of deposit has been paid to Carmella Gould only. It should be noted that the exhibits are copies of letters and printouts which have not been sworn to, and thus would have little probative value.

For all the foregoing reasons the Court decides to schedule the matter for trial for determination of the foregoing material facts discussed supra, and deny the Motion to Strike and allow the exhibits for whatever probative value they may have.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Danny Grieger and Carmella Gould be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that the Motion for Summary Judgment of Trustee Elizabeth Vaughan be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that the Motion to Strike Carmella Gould's Final Reply and Response of Defendant in Opposition to Plaintiff's Motion for Summary Judgment be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that the matter is scheduled for Trial on September 21, 1994, at 10:00 A.M.