[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the November 6, 2001, November 27, 2001, and March 28, 2002 judgments of the Lucas County Court of Common Pleas, Probate Division, relating to the court's declaration that four bank accounts held by KeyBank should be evenly divided between the estates of the account co-owners, Charles and Alice Lewis, and adopted the findings of fact and conclusions of law of appellee, Joyce A. Segur. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, William H. Lewis, Executor of the Estate of Charles W. Lewis, asserts the following assignments of error on appeal:
{¶ 2} "I. The trial court erred by not finding that the four (4) joint bank accounts were assets of the Charles W. Lewis estate/Appellant in their entirety.
{¶ 3} "II. The trial court erred by adopting findings of fact and conclusions of law submitted twenty-one (21) days late, filed in the wrong case, and included findings of fact and conclusions of law not relevant to the pending case."
{¶ 4} Appellant filed a complaint for declaratory judgment against KeyBank and Joyce A. Segur, Co-Administrator With Will Annexed of the Estate of Alice C. Lewis, deceased. Appellant sought direction on how to inventory four bank accounts owned by Charles and Alice Lewis, who were married in 1968. Charles Lewis died on December 14, 1999, and his wife, Alice Lewis, died shortly thereafter on April 27, 2000.
{¶ 5} The following evidence was submitted at the hearing on the complaint for declaratory judgment. The parties stipulated that three of the accounts were not survivorship accounts. The parties disputed whether the fourth account (No. 35353200854-0) was a survivorship account. Appellant argued that it was a joint and survivorship account because of the deposit account agreement. However, Raymond Scholz, the district security officer of KeyBank, testified that he did not know if this agreement was still in effect at the time of the hearing.
{¶ 6} During their lifetimes, the Lewises opened four bank accounts now held by KeyBank: First, an account (No. 00-228-0-89601-3, a/k/a 0480896010) opened under both names in 1951 at the former Sylvania Savings Bank. Second, an account (No. 00-002-2-1511625-8) opened under both names in 1968 at the former Sylvania Savings Bank. The original signature card for this account could not be located. Third, an account (No. 4702-026118-5) opened in 1991 under both names at the former Society Bank and Trust. The signature card for this account contains a box to be checked if the account is to be a joint account with right of survivorship and this box was not checked. Fourth, an account (No. 353532008540) opened in 1998 under both names at KeyBank. Ownership of the account was recorded as joint. The signature card also states that the account owners understood that the account was subject to the bank's Deposit Account Agreement. That agreement, effective 1996, provides that all accounts opened in more than one name are joint accounts. Furthermore, the agreement provides that all joint accounts are held "`with rights of survivorship' unless our records indicate otherwise." However, there was no evidence that this agreement was in effect in 1998.
{¶ 7} The trial court found that the fourth account was also a mere joint account without survivorship rights. The trial court determined that all four joint accounts should be divided evenly between the two estates.
{¶ 8} Appellant then filed a motion for findings of fact and conclusions of law. The court ordered the parties to submit findings of fact and conclusions of law by January 21, 2002. Appellant complied with the court's order on January 18, 2002. However, appellee filed her proposed findings of fact and conclusions of law on February 11, 2002. The trial court adopted the proposed findings of fact and conclusions of law of appellee in its March 28, 2002 judgment.
{¶ 9} In his first assignment of error, appellant argues that the trial court erred by declaring that the bank accounts should be evenly divided between the estates. The trial court found that there was no evidence that Charles W. Lewis was the sole depositor of the monies in these accounts. Therefore, the court concluded, as a matter of law, that the parties were presumed to have contributed equally to the accounts and divided the accounts equally between the two estates.
{¶ 10} Upon a review of the evidence presented in this case, we find that the only evidence relating to the money on deposit was that one of the accounts (No. 00-00-228-0-89601-3) was opened in 1951, prior to the marriage of the parties; the second account was opened in 1968 near the time the parties were married; and that three of the accounts list Charles W. Lewis' name first and his social security number.
{¶ 11} Appellant argues that Charles W. Lewis was the sole depositor of the accounts because of the date the accounts were opened and the fact that his name and social security number were listed first on the account. Appellant contends that appellee had the burden of proving that Alice Lewis contributed to the accounts. Otherwise, the law presumes that the second person listed on the account was added for convenience only. Appellee argues that the law presumes that each account holder of a joint account is entitled to an equal share of the monies deposited in these accounts.
{¶ 12} We agree with appellee. Upon the death of a co-owner of a joint and survivorship bank account, the monies in the account automatically pass to the surviving owner absent evidence of "fraud, duress, undue influence or lack of capacity on the part of the decedent" in creating the account. Wright v. Bloom (1994), 69 Ohio St.3d 596, paragraph one and two of the syllabus. Conversely, mere co-owners of a bank account, where no provision has been made for survivorship rights, have no right after the death of the co-owner to the remaining monies which were deposited by the deceased co-owner. Id. at paragraph three of the syllabus. In the latter situation, the monies deposited by the deceased co-owner pass to his estate. Id. However, absent evidence to the contrary, the law presumes that the joint owners equally contributed money to the account. In Re Grieger, Vaughan v. Union Bank Savings Co.(Bankr.Ct.Oh.N.D.W.D. 1994), 172 B.R. 222, 225.
{¶ 13} We agree with the bankruptcy court in the Vaughan case that while the Wright case held that monies in a joint account pass to the estate of the depositor of the funds, that case did not alter the rebuttable presumption that monies in a joint account are owned equally by the parties.
{¶ 14} We find that there was insufficient evidence presented in this case to overcome the presumption that the monies deposited in the joint accounts were equally owned by the co-owners. The date that the accounts were opened does not prove that the money in the account was deposited solely by Charles W. Lewis. Furthermore, the fact that Charles W. Lewis' name was listed first on the account cannot be interpreted as meaning that he had some superior ownership rights.
{¶ 15} Therefore, appellant's first assignment of error is not well-taken.
{¶ 16} In his second assignment of error, appellant argues that the trial court erred by adopting findings of fact and conclusions of law submitted 21 days late, filed in the wrong case, and included findings of fact and conclusions of law not relevant to the pending case.
{¶ 17} Civ.R. 6(B) requires that after the time for filing has expired, the trial court has limited discretion to permit late filings. Davis v. Intermediate Medical Services, Inc. (1997), 80 Ohio St.3d 10,14; State ex rel. Lindenschmidt v. Bd. of Commr. of Butler Cty. (1995),72 Ohio St.3d 464, 465; and Miller v. Lint (1980), 62 Ohio St.2d 209,214-215. The rule requires that after a party moves for acceptance of the late filing, the court find that there was excusable neglect for the late filing. Id. However, in the Miller case and later cases which have applied the Miller rationale, the competing interests were the determination of cases on their merits and the trial court's discretion to control court procedures. In this case, the late filing of findings of fact did not alter the outcome of this case. It affected only the wording of the court's findings of fact. Therefore, under the circumstances of this case, we find that the trial court had the discretion to sua sponte accept the late filings of findings of fact. Klein v. Winters (Feb. 18, 1988), 5th Dist. App. No. CA-3299, at 4-5.
{¶ 18} Furthermore, a blanket adoption of a parties' findings of fact is not automatically an abuse of discretion. Jamieson v. Simmons (June 26, 2000), 4th Dist. App. No. 99CA16, at 15 citing Kaechele v. Kaechele (1991), 72 Ohio App.3d 267, 276; Coleman v. Phillips (Sept. 18, 2000), 5th Dist. App. No. 00 CA 4, at 8; and Hinkston v. Finance Co. (May 12, 2000), 1st Dist. App. No. C-980972, at 6.
{¶ 19} Appellant has failed to demonstrate that the court's adoption of appellee's findings of fact was an abuse of the trial court's discretion. The fact that the findings were filed in the wrong estate and contain some unrelated findings does not impair the court's findings in this case.
{¶ 20} Appellant's second assignment of error is not well-taken.
{¶ 21} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., concur.