53 So.2d 779 (1951)
KENT
v.
O'NEIL.
Supreme Court of Florida, en Banc.
August 3, 1951.
*780 Cushman, Woodard & Gotthardt, Miami, for appellants.
L. Raymond O'Steen and W.F. Parker, Miami, for appellee.
PER CURIAM.
Affirmed.
TERRELL, CHAPMAN, ADAMS and HOBSON, JJ., concur.
SEBRING, C.J., and THOMAS and ROBERTS, JJ., dissent.
THOMAS, Justice (dissenting).
The appellee sought a decree declaring her the owner, "by right of survivorship," of a tract of land "together with the improvements thereon, and the furniture, furnishings, and equipment therein contained" and "all money and legal interests held in escrow * * * by reason of [a] Sales Agreement [affecting the property] * * * and all monies due and to become due by reason thereof * * *." She was awarded a decree entitling her, as owner of the entire estate, which we shall presently describe, to the proceeds from the sale of it, already paid and to be paid.
From the record it appears that two lots in Hialeah were conveyed to Thomas O'Neil and Marie O'Neil "husband and wife, as an estate by the entirety and with full rights of survivorship." A few months later, the grantees agreed in writing to sell the property, then described not only by lot and block numbers but also as O'Neil's Cocktail Lounge, with the furnishings, fixtures, equipment, and merchandise used in the business. The vendees agreed to pay for it $15,000, $9,000 in cash and the remainder in installments to be secured by a note and mortgage.
At this stage of the transaction Thomas O'Neil died.
When the chancellor tried the case, the original payment had been deposited with the probate court, while the moneys for matured installments were in escrow at Miami Springs Bank. Evidently no deed conveying the property had been executed, but the mortgage of the vendees had been executed, and it too had been placed in the hands of the bank.
The chancellor, reciting that he was hearing the matter on the bill of Marie O'Neil and the answers of the bank and of the administrator of the estate of Thomas O'Neil, held, point-blank, that the O'Neils had never been man and wife and were not related to each other either by affinity or consanguinity, but he concluded that she, nonetheless, was entitled to the entire consideration for the property, that is, the money in escrow and that yet to be paid by the vendees.
With this conclusion I cannot fully agree. I think that an estate of joint tenancy with right of survivorship was created by the deed to the real property because it contained the words "with full rights of survivorship," which I construe to be such an express provision for this kind of an estate as to comply with Section 689.15, F.S.A., and that the description of the estate as one by the entirety may, in the absence of the relationship of husband and wife, subsequently adjudicated to have been the case, be considered surplusage. But further I cannot go, because there is no showing whatever in the record that there was ever any instrument establishing a like estate in the personal property. As I have written, the deed had conveyed only real estate; inasmuch as the agreement to sell included personal property, such as furniture and merchandise, it is presumed that after its original purchase the real estate was improved, the building stocked, and the whole operated as a cocktail lounge by the vendors. To what extent each contributed is not shown.
The division of the personal property should, therefore, depend on the respective *781 interests of Thomas and Marie O'Neil. The latter should receive her part, while the share of the former should go to his estate.
It is my view that the finding with reference to the realty should be approved and that that part of the decree dealing with the personalty disapproved with directions to determine what portions of money paid and outstanding are allocable to each of the parties as representing what each paid into the enterprise or each award when Thomas O'Neil died so that the share of the proceeds of the personalty rightfully hers could be delivered to the appellee and the share belonging to Thomas O'Neil could be delivered to his estate.
I therefore dissent from the per curiam order of affirmance.
SEBRING, C.J., and ROBERTS, J., concur.