■ LORNA E. HILDEBRAND, Respondent, v. PHILO F. HILDEBRAND, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Chemung County, which decided that the parties each own a one-half interest in certain land as tenants in common and which ordered partition of the property. Involved is a parcel of land deeded to the parties as husband and wife in the belief that they were legally married. Subsequently, however, it developed that the marriage was void because appellant's divorce from his first wife was a nullity (*Hildebrand* v. *Hildebrand*, 20 A D 2d 328, mot. for lv. to app. den. 14 N Y 2d 488). When a tenancy by the entirety fails because the marriage between the parties is void, a tenancy in common has been consistently held to result (e.g., *Silva* v. *Scherer*, 23 A D 2d 580; *Musone* v. *Musone*, 11 A D 2d 696; *Bell* v. *Little*, 204 App. Div. 235, affd. 237 N. Y. 519; *Bambauer* v. *Schleider*, 176 App. Div. 562; *Perrin* v. *Harrington*, 146 App. Div. 292). Thus partition could be properly decreed (Real Property Actions and Proceedings Law, § 901.) We find no error in the trial court's refusal to reform the deed. There was at most a mutual mistake as to the validity of the marriage (*Petchanuk* v. *Mohlsick*, 206 Misc. 39). In the absence of fraud (*Butler* v. *Butler*, 93 Misc. 258) reformation is not justified where the mistake was as to an extrinsic fact and where the instrument expressed the intent of the parties of the time (*Silva* v. *Scherer*, *supra*). However, while it was within the power of the trial court to decree the interest of the parties in this proceeding (CPLR 3017, subd. [a]), we do not believe that the trial court should have done so in this instance. The record clearly reveals that well on in the proceedings both parties and the trial court manifested that the amount due each party was not in issue. Therefore, despite the fact that there is considerable evidence in the record which would bear on the question of how the proceeds of the property should be apportioned between the parties, we believe that in the interest of justice a hearing directed specifically to that issue should be held at which appellant will have a complete opportunity to present all the relevant proof available to him (see, 5 Warren's Weed, New York Law of Real Property, p. 696; *Silva* v. *Scherer*, *supra*; *Moran* v. *Thomas*, 280 App. Div. 1037; *O'Meara* v. *O'Meara*, 278 App. Div. 1009; *Hosford* v. *Hosford*, 273 App. Div. 659; *Bambauer* v. *Schleider*, *supra*; *Perrin* v. *Harrington*, *supra*). Judgment modified, on the law and the facts and in the interest of justice, and a new trial ordered on the issue as to the share or interest of each party in the property, and, as so modified, affirmed, without costs; judgment, insofar as it directs a sale of the premises, stayed pending determination of the issue on the new trial. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.