■ DOROTHY M. PLACE, as Administratrix of the Estate of ELWOOD M. KETCHUM, Deceased, Respondent, v. JENNIE CUNDARO, Also Known as JENNIE KETCHUM, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Fulton County, granting respondent's motion for summary judgment for the partition of certain real property located in Johnstown, New York. The property involved was conveyed by decedent by warranty deed to himself and appellant, "his wife, as tenants by the entirety". Undisputably the decedent and appellant were at no time legally married. Special Term, invoking the statutory presumption of section 6–2.2 of the Estates Powers and Trusts Law, found that the language of the deed failed to manifest the requisite intent to establish a joint tenancy, and thus held that a tenancy in common was created. Unquestionably, the conveyance did not create a tenancy by the entirety (e.g., *Perrin* v. *Harrington,* 146 App. Div. 292, 294) and when a tenancy by the entirety fails because there exists no marriage between the parties "a tenancy in common has been consistently held to result" (*Hildebrand* v. *Hildebrand,* 25 A D 2d 698). Only where there is express language of survivorship in the granting of habendum clauses of the conveyance (*Gaza* v. *Gaza,* 247 App. Div. 837, affd. 272 N. Y. 617; *Giudici* v. *Lofaso,* 199 Misc. 401) or specific language negating an intent to create a tenancy in common (*Clearo* v. *Cook,* 11 Misc 2d 916) can a joint tenancy instead be found. Such is not the case in the present action. Nor can an intent to create a joint tenancy be established by extrinsic evidence, such as the joint tax forms and other proof of marital conduct that appellant has offered (*Petchanuk* v. *Mohlsick,* 123 N. Y. S. 2d 382; see, also, *Perrin* v. *Harrington, supra,* p. 294). Accordingly, the partition was properly decreed. On this appeal no question was raised as to the right of the administratrix to maintain the action. Order affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.