Vito J. Titone, J.
This is a classic case of why people should get title insurance when they buy a home. The facts were stipulated at a trial before the court.
On February 15, 1954, Mirosol Homes Inc. delivered its deed to the one-family house located at 250 Gansevoort Boulevard to Charles V. Scaramutz and Julia Zabicki Scaramutz, as husband and wife and the deed was recorded on February 16, 1954 in Liber 1269, page 54. Simultaneously, Charles and Julia gave their bond and mortgage to the Citizens Bank of Brooklyn for the sum of $9,700 which mortgage was recorded in Liber 1125, page 293. Julia died intestate on February 10, 1969 and her death certificate gave her name as Julia M. Scaramutz ; her address as 250 Gansevoort Boulevard; leaving a surviving spouse, Charles; and her occupation was given as a housewife. By deed dated March 27, 1970, Charles Scaramutz conveyed the property to the defendant Martin J. McGrath, which was recorded on April 2, 1970 in Liber 1897, page 339. Simultaneously, McGrath gave a mortgage to the Union Mortgage Corp. for the sum of $25,000 dated March 27, 1970 which was recorded April 2,1970 in Liber 1815, page 228, and thereafter the mortgage was assigned to the defendant, Federal National Mortgage Association which assignment was recorded on April 21,1970 in Liber 1817, page 96.
Julia and Charles were never in fact married, and the plaintiffs, Julia’s three sisters, claim that as her sole distributees (EPTL L-l. 1, subd. [a], par. [7]) they are entitled to one half the property. They rely on the settled principle that where a tenancy by the entirety fails for lack of a marriage, a tenancy in common is created. The rule was set forth in Place v. Cundaro (34 A D 2d 698) where the court said: “ Unquestionably, the conveyance did not create a tenancy by the entirety (e.g., Perrin v. Harrington, 146 App. Div. 292, 294) and when a tenancy by the entirety fails because there exists no marriage between the parties ‘ a tenancy in common has been consistently held to result ’ (Hildebrand v. Hildebrand, 25 A D 2d 698).” (See, *851 also, Silva v. Scherer, 23 A D 2d 580). The sisters’ position is that the deed from Charles to the defendant McGrath was operative only as to his one-half interest in the property, the other half having devolved in them upon the death of their sister Julia.
The defendants do not dispute the existence of the rule of law set forth in Place v. Cundaro (supra). They assert, however, that the plaintiffs should not be permitted to rely upon it, that they are estopped from claiming their title because McGrath was a good faith purchaser for value.
No New York appellate cases have been found on point. However, the Supreme Court of Michigan upheld the defendants’ position in St. Pierre v. Estate of St. Pierre (381 Mich. 48). That court stated the Michigan law to be that there can be no tenancy by the entirety where the grantees on a deed are unmarried, that a tenancy in common is created, but when the rights of innocent third parties intervene: “ We hold in the case at bar that as to any property involving the rights of third parties, without actual or constructive notice of the fact that Sam and Angeline St. Pierre were not husband and wife, whether created by contract or deed, before or after the death of Sam, the defendants are estopped to challenge the fact that Sam and Angeline were husband and wife and, therefore, that defendants have no interest in these properties.
“We further hold that the defendants are entitled to a one-half interest in any property remaining in the name of Angeline St. Pierre as survivor of herself and Sam St. Pierre, for the reason that as to such property no rights of third parties have become involved. Each one-half interest is held by Angeline and the Estate of Sam St. Pierre as tenants in common.” (381 Mich. 48, 56-57, supra).
Mr. Justice Wachtler followed the St. Pierre case in Mueller v. Vitale, Special Term, Part I, Nassau County Supreme Court, Index Nos. 5509/69 and 5460/70, in an opinion dated December 22, 1970.
Neither case is binding on this court, and the court is not persuaded by the reasoning set forth in those matters. Totally ignored are the rights of heirs and distributees and the basic laws of real property. No one disputes that the three plaintiffs are entitled under the law to inherit all the assets belonging to their deceased sister, and that the latter owned one half of this property at her death. Charles V. Scaramutz owned only the other half, and had the power and the right to convey only that half. Accordingly, Mr. McGrath received no more than this by the deed from Scaramutz dated March 27, 1970.
*852 Charles V. Scaramutz, of course, perpetrated a blatant fraud against the defendants; he actually executed and delivered an affidavit at the closing which affirmatively stated: “ That my wife [Julia] died 2/10/69 while married to me.” This was false. He had never married Julia, and as a matter of fact his real wife, whom he married many years before and whom he never divorced, was alive at the time and is alive to this day. As to Julia’s interest, Charles had no more right to convey this than a thief, which in substance he was. The defendants do have a remedy against Charles; they can sue him for fraud. Also, title insurance is available to purchasers of real estate which protects them against situations such as this one.
To summarize, the law is that when a tenancy by the entirety fails because the grantees were unmarried a tenancy in common is created, and that the distributees of one who holds real estate as a tenant in common inherits that person’s interest upon his death intestate. If there is to be any change in these concepts it should come from the appellate courts or the Legislature. Perhaps some thought should be given, with due regard to a widow’s right of election, to declaring that such a deed creates a joint tenancy rather than a tenancy in common; then the survivor could validly convey the entire fee. However, it is not the province of trial courts to make such changes in the law.
On the basis of the foregoing, the court finds and concludes that the plaintiffs by reason of the death intestate of their sister Julia Zabicki Scaramutz on February 10, 1969, are the owners of one half the real property known as 250 Gansevoort Boulevard, Richmond County (as more particulary described in the complaint), and that they hold same as tenants in common with the defendant Martin J. McGrath, owner of the other one-half interest. The court hereby appoints Thomas Paulo, Esq., Referee in this matter, to proceed pursuant to section 913 of the Real Property Actions and Proceedings Law.