IN THE MATTER OF THE ESTATE OF
JOSEPH RODIO, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided December 18, 1978.

*Mr. Joseph Buttafuoco* for plaintiff Alberta Rodio Lintecume.

*Mr. Nathan Baker* for defendant Teresa Rodio (*Messrs. Baker, Garber, Duffy & Baker,* attorneys).

*Mr. Joseph S. E. Verga* for Anthony Luppino, executor of the estate of Joseph Rodio.

KENTZ, J. S. C. The only remaining issue now before the court is a determination of the nature and extent of the ownership of certain real property located at 161 Glenwood Avenue, Jersey City, all other issues having been resolved by the parties.

The undisputed facts are as follows. Joseph Rodio, also known as Guiseppe Rodio (Joseph), died testate on January 9, 1978, leaving a will naming Teresa Rodio as his sole devisee and legatee and Anthony Luppino as executor. Julia Rodio, also known as Julia Marzello (Julia), died intestate on December 27, 1977, leaving surviving her daughter, Alberta Lintecume (Alberta), as her sole heir.

Julia and Joseph lived together as husband and wife for almost 25 years prior to their deaths. During this period they purchased together various real properties in New Jersey and Florida and also worked together in a restaurant business located in Lavallette and a floral business in Jersey City.

After a diligent search no proof of a ceremonial marriage could be located and it is stipulated that Joseph and Julia were never formally married to each other.

The property in question was conveyed by deed dated April 8, 1975 to "Joseph Rodio and Julia Rodio, his wife, with right of survivorship."

Teresa Rodio, also know as Teresa Rodio Centomani, contends that upon the death of Julia the title to this property passed to Joseph as survivor by virtue of the express provision in the deed and that she, as the sole devisee under the will of Joseph, is the owner of this property. On the other hand, Alberta maintains that the deed in question was insufficient to create a joint tenancy and that the title to the subject property was taken by Joseph and Julia as tenants in common. Consequently, upon the death of Julia, title to her interest therein passed to Alberta as her sole surviving heir.

 It is well established that a deed conveying real property to a legally married husband and wife will create a tenancy by the entirety unless the deed contains qualifying words by which a different tenancy is established. *Mosser v. Dolsey,* 132 *N. J. Eq.* 121, 124–125 (Ch. 1942). Similarly, where a deed purports to convey title to two persons who are not legally married to each other, a tenancy in common is created unless the deed contains language which would negate such a tenancy and establish a joint tenancy. *Balazinski v. Lebid,* 65 *N. J. Super.* 483, 488 (App. Div. 1961); *Crawley v. Shelby,* 37 *A. D.* 2d 673, 674, 323 *N. Y. S.* 2d 222, 223 (App. Div. 1971). Moreover, it has been held that where a man and woman could not acquire title to property as tenants by the entirety since they were not legally married at the time of conveyance, a deed conveying property to them which purported to create by express language a tenancy by the entirety created instead a joint tenancy and not a tenancy in common since it was sufficiently established that a right of survivorship was intended thereby. *Coleman v. Jackson,* 109 *U. S. App. D. C.* 242, 286 *F.* 2d 98 (D. C.

Cir. 1960). See Kepner, "The Effect of An Attempted Creation of an Estate By the Entirety in Unmarried Grantees," 6 *Rutg. L. Rev.* 550, 556–557 (1952).

However, Alberta argues that since Julia and Joseph were never married to each other, a tenancy by the entirety could not have been created and that the language in the deed, "with the right of survivorship," was used only to describe the effect of the tenancy by the entirety and not to establish a joint tenancy. Therefore, it is further argued that since the tenancy by the entirety must fail, the explanatory survivorship language is necessarily without effect and that as a result the parties became owners of the property as tenants in common. Under the facts of this case, I find no merit to this argument. In *Young v. Young,* 37 *Md. App.* 211, 217, 376 *A.* 2d 1151, 1156 (Ct. Spec. App. 1977), the facts were strikingly similar to the case now before me and the court there stated:

> The principal characteristic of a joint tenancy is the right of survivorship and the specific expression in a deed of such a right is "a clear indication of an intention to create a joint tenancy." *Gardner, supra,* 25 *Md. App.* 638 at 642, 335 *A.* 2d 157 at 160; *Mitchell v. Frederick,* 166 *Md.* 42, 47, 170 *A.* 733, 736 (Ct. App. 1934) ; *cf. Donnelly v. Donnelly,* 198 *Md.* 341, 343, 84 *A.* 2d 89, 93 (Ct. App. 1951).

> In the instant case, the right of survivorship was explicitly stated. As previously noted, the deed recited that the grantors conveyed the property to "Paul Burton Young and Naomi Bertha Young, his wife, as tenants by the entireties, their assigns, the *survivor* of them. . . ." (Emphasis added.) The parties thus took title to the property as joint tenants and not as tenants in common.

Alfonse R. Russo, a member of the bar of this State, testified without objection that he prepared the deed, witnessed its execution and took the acknowledgement as an attorney at law of the State of New Jersey. His uncontradicted testimony reveals that Julia requested the use of the language, "with right of survivorship," because she wanted to make certain that "there would be no trouble when he died." This

was explained to Joseph and he expressed no objection to the use of such language. It is clear from this testimony that Joseph and Julia intended the title to the property to vest solely in the survivor upon the death of either of them.

It is further argued that the language in the deed does not clearly express an intent to create a joint tenancy as required under *N. J. S. A.* 46:3–17. It is contended that this statute requires language to appear in the granting and habendum clauses of a deed clearly demonstrating an intent to establish a joint tenancy. Since there is no such language in these clauses in the deed now under consideration, it is urged that a tenancy in common was created. Although my research does not disclose any judicial holdings on this point in our State, courts in other jurisdictions having a similar statute have addressed this issue. "[T]he statutory requirement is only one of clear manifestation or intention and not of particular words." *Gardner v. Gardner,* 25 *Md. App.* 638, 643, 335 *A.* 2d 157, 160 (Ct. Spec. App. 1975). "The intention to create a tenancy other than a tenancy in common must be given effect, if such intention can be gathered from the whole instrument and if consistent with rules of law." *Crawley v. Shelby, supra* 223 *N. Y. S.* 2d at 223. *N. J. S. A.* 46:3–17 does not either expressly or impliedly require such language as a prerequisite to the establishment of a joint tenancy. Likewise, it would appear from the cases that it is not necessary that any specific language be used in either the granting or habendum clauses to establish a joint tenancy. Therefore, I conclude that the requirement of the statute is met if the intent of the parties to create an estate in joint tenancy is expressed generally in the body of the instrument.

It seems clear to me that Joseph and Julia did intend to create a tenancy whereby upon the death of one, the decedent's interest would pass to the survivor. There is nothing in the deed to evidence a contrary intention. This intention of survivorship as manifested in the deed must be carried out and this can best be effected by declaring Joseph

and Julia joint tenants with the right of survivorship. Accordingly, on the death of Julia, Joseph became sole owner of the property in question. Upon his death title thereto passed to Teresa Rodio as the sole devisee named in Joseph's will.