418 Mich. 237 (1983)
341 N.W.2d 113
In re KAPPLER ESTATE
BALDWIN
v.
SLONE
Docket No. 69000.
Supreme Court of Michigan.
Decided December 20, 1983.
Philip C. Baldwin for the estate.
PER CURIAM:
The issue presented in this case concerns the effect of a purported conveyance to two persons as husband and wife where they were not in fact married. We conclude that the effect of *238 this conveyance was to create a tenancy in common.
I
The issue arises in the probate court's administration of the estate of Violet Kappler, one of the grantees of the conveyance in question. The issue was submitted to the probate judge on stipulated facts. In short, in August 1975 a parcel of real estate was deeded to Violet Kappler and Arthur Slone. The deed named them as "Arthur Slone and Violet Slone,[[1]] husband and wife, as tenants by the entireties". However, at no time were Violet Kappler and Arthur Slone ever married to each other.
Ms. Kappler died on April 21, 1979. Her entire estate is devised to her son, William J. Inman. If the 1975 conveyance is found to create a tenancy in common, Ms. Kappler's interest in the property will pass through her estate to her son. If, on the other hand, the conveyance created a joint tenancy with right of survivorship, her interest in the property is not part of the estate and Mr. Slone as the surviving joint tenant is the sole owner of the property.
II
The probate court held that the effect of the conveyance was to create a tenancy in common. However, the Court of Appeals reversed. The majority concluded that the deed in this case included enough indication that a joint tenancy may have been intended to create ambiguity. It remanded the case to the probate court to permit the parties *239 to introduce extrinsic evidence with regard to the intent at the time of the conveyance. The Court essentially created a presumption that there was a joint tenancy, stating that if Ms. Kappler's estate presented no evidence, Mr. Slone would be declared the sole owner.
Judge MacKENZIE dissented. She pointed to the statutory presumption that tenancies in common are created absent an expressed declaration that there is to be a joint tenancy. She read this as a legislative attempt to resolve doubtful cases in favor of tenancies in common. Her conclusion was that since there was no expressed declaration of joint tenancy here, a tenancy in common was formed.
III
In a series of cases, we have held that a conveyance to a man and woman who are not legally married establishes a tenancy in common. E.g., St Pierre v Estate of St Pierre, 381 Mich 48; 158 NW2d 891 (1968); Daniels v Daniel, 362 Mich 176; 106 NW2d 818 (1961); Spence v Jones, 359 Mich 231; 102 NW2d 543 (1960); Cristia v Cristia, 317 Mich 66; 26 NW2d 869 (1947); Collins v Norris, 314 Mich 145; 22 NW2d 249 (1946). This is in keeping with the statutory presumption in favor of estates in common rather than joint tenancies:
"All grants and devises of lands, made to 2 or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." MCL 554.44; MSA 26.44.
If the deed in question merely described the parties as "husband and wife", these authorities *240 would clearly lead to the conclusion that they took the land as tenants in common. The argument raised by Mr. Slone is that the additional language "as tenants by the entireties", is a sufficient indication of the intention to create a joint tenancy to overcome the presumption.
We agree with Judge MacKENZIE that this conveyance created a tenancy in common. The addition of the language "as tenants by the entireties" was not an express declaration of joint tenancy.
We think the Court of Appeals majority reads too much into our decision in Scott v Grow, 301 Mich 226, 234; 3 NW2d 254 (1942), in which we said:
"Judson P. Grow and Grace Burton Grow were divorced October 11, 1937, and were not husband and wife when the deed to them was executed October 12, 1937. Such grantees, not being husband and wife, could not take an estate by the entireties; they could take either as tenants in common or as joint tenants." (Emphasis added.)
It is true that in circumstances like those in Scott v Grow or in this case the result may be a tenancy in common or a joint tenancy. However, the statutory presumption still applies, and absent an express declaration that there is to be joint tenancy, a tenancy in common is created. That was the effect here.
Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the order determining title entered by the probate court on February 22, 1980.
WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.
NOTES
[1] It is clear that the reference in the deed to "Violet Slone" is meant to refer to Violet Kappler.