OPINION OF THE COURT
Nicholas A. Clemente, J.
By a deed dated September 28, 1981, Harold J. Field allegedly conveyed to Geraldine Field, his wife, his interest in 830 East 46 Street, Brooklyn, New York.[1] The deed bears an acknowledgment signed by Joan Van Voorhis, a notary public.
By a deed dated August 16, 1982, Geraldine Field conveyed the subject property to Moses Edward Hill and Wilma Hill.
Thereafter by summons and complaint dated September 6, 1983, plaintiff Harold J. Field commenced this action against Geraldine Field, Joan Van Voorhis, Moses Edward Hill and Wilma Hill. The complaint essentially alleges that plaintiff and Geraldine Field own the subject property as tenants by *752 the entirety; that Geraldine Field by means of a forgery executed the deed transferring plaintiff’s interest in the property to herself; that contrary to Van Voorhis’ acknowledgment, plaintiff did not sign the deed; and that the deed conveying to the Hills is a nullity. Plaintiff demands that defendants Geraldine Field and Van Voorhis be required to account for the profit received from the sale of the house or in the alternative, that defendants Hill be declared trustees of the property for plaintiff’s benefit and execute a deed conveying title to plaintiff and Geraldine Field as tenants by the entirety.
The Hills joined issue by serving an answer with cross claims against Gerald Field and Van Voorhis. The matter is now before the court upon Hills’ motion pursuant to CPLR 3212 for summary judgment dismissing the complaint. The Hills in support of their motion assert that there is no claim that they were anything other than bona fide purchasers for value without notice of any fraud. The title report ordered by them indicated that Geraldine Field had and could convey good and marketable title to the subject property. Moreover, plaintiff himself at his examination before trial indicated that he believed the Hills bought and acted in good faith. Finally, Geraldine Field indicated before the contract of sale was made that her husband was dead so that there was no reason to suspect wrongdoing. The Hills maintain that there are thus no issues of fact but only questions of law which must be resolved in their favor.
Plaintiff in opposing the motion contends that there is an issue of fact since the Hills should have recognized that something was amiss. Plaintiff points to two matters as creating an issue of fact: (1) If the Hills believed plaintiff was dead then they should have required a release of lien on the property from the New York State Department of Taxation and Finance; and (2) at the closing Geraldine Field submitted an affidavit (apparently to the Hills’ title company) which indicated that she was still married to plaintiff so that the property remained entitled to a veteran’s exemption. Therefore, the Hills should have recognized that Geraldine Field had lied to them about plaintiff’s status and made inquiry.
Plaintiff, while conceding no intentional complicity, thus attempts to demonstrate a negligence that would remove defendants from the category of "bona fide purchasers for value”. This approach not only fails to consider the principle *753 of law applicable here[2] but it is not supported by the papers. First, the Hills at their examination before trial testified they never saw the affidavit. This evidence is uncontradicted. Second, plaintiff fails to show why at the closing the Hills would have been aware of it.[3] Similarly, as to the lack of release of lien, plaintiff does not establish why such a release had to be produced at the closing or why the Hills should have been cognizant of any lack of release of lien.
Hence, I conclude that the Hills’ denial of any knowledge of the fact that plaintiff was alive or that they in some fashion received constructive notice that there was an impropriety in Geraldine Field’s chain of title is uncontroverted and must be accepted as established fact for purposes of deciding this motion.
The Hills, therefore, correctly contend that their liability here hinges only upon a question of law. That question relates to the effect on the title of bona fide purchasers for value where such purchasers have received title from a woman who first held property as a tenant by the entirety, but then apparently eliminated her husband’s interest by means of a forged deed. Stated otherwise, if Geraldine Field, in fact, forged her plaintiff husband’s signature on the deed conveying title to herself what effect does that have on the title conveyed by her to the Hills? In my view, if plaintiffs signature was forged, the effect of Geraldine Field’s conveyance is to make the Hills’ tenants in common with plaintiff as to the sharing of rents, profits and possession with the right of survivorship remaining unaffected.
An analysis of the controversy presented must commence with plaintiff’s assertion in his affidavit that his signature conveying his interest to Geraldine Field is forged. Significantly, no one, including Geraldine Field who was served with the instant motion controverts this contention. The conclusion is thus inescapable that plaintiff’s signature was forged.
A forged deed, such as we are dealing with at bar, is void and conveys no title (Marden v Dorthy, 160 NY 39; Kraker v Roll, 100 AD2d 424, 430-431; Caccioppoli v Lemmo, 152 App Div 650; Thurmond v McGrath, 70 Misc 2d 849; Kearns v *754 Manufacturers Hanover Trust Co., 51 Misc 2d 34). It is true that a good-faith purchaser for value is entitled to be protected in his title unless he had actual or constructive notice of some fraud involving the transaction (Anderson v Blood, 152 NY 285; Real Property Law § 266). The Hills’ reliance on this principle is misplaced, however, since they have failed to recognize the distinction between a situation which is simply one of fraud that is where the deed would be only voidable and the instant case where the deed is void (Kraker v Roll, supra). "Moreover, a person cannot be a bona fide purchaser through a forged deed” (2A Warren’s Weed, New York Real Property, Forgery, § 1.04).
In view of these principles, the inescapable conclusion is that the Hills received none of plaintiff’s interest in the subject property when they received a deed from Geraldine Field. They did, however, receive her interest in the property as well as moving into her shoes as far as rights of survivor-ship are concerned. The principles controlling such a conveyance were recently restated in Son Fong Lum v Antonelli (102 AD2d 258, 262, affd 64 NY2d 1158) where the Appellate Division indicated the following:
"While a tenant by the entirety is not empowered to dispose of the interests of the other cotenant, the tenant can convey his or her own limited interest (see Lawriw v City of Rochester, 14 AD2d 13, affd 11 NY2d 759). 'A tenant by the entirety may convey his limited interest in property held by the entirety, but he cannot thereby sever the tenancy or convert it into a tenancy in common. The grantee becomes a tenant in common with the spouse of the grantor, so far as the right to share in rents and profits are concerned, but the title is still deemed held by the entirety, and the right of survivorship is unaffected. The grantee may ultimately obtain the whole fee, if his grantor survives, but his interest in the property may be completely extinguished, if the other spouse survives. Similarly, when there are two conveyances, one by each tenant by the entirety to different grantees, each grantee takes a right to share possession and profits. However, so far as the ultimate title is concerned, the right of each depends upon the order in which the grantors die’ (5A Warren’s Weed, NY Real Property, Tenancy by Entirety, § 4.01).
"Consequently, upon the execution of the 1976 deed, at a minimum [the grantor’s] limited interest in the premises held by the entirety was transferred to his [grantees] who became tenants in common with [the grantor’s original cotenant] *755 insofar as the rights to possession and to share in rents and profits are concerned. Thus, it [would be] improper to * * * set aside the deed in its entirety.”
The exact same approach is warranted here, despite the failure of plaintiff to move for summary judgment.
In determining this motion, CPLR 3212 (b) must be borne in mind. Said section provides in part that "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” As has often been stated, a motion for summary judgment searches the record so that a nonmovant may be granted summary judgment (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:23, p 443). It is clear that this is a case in which the party entitled to summary judgment is the nonmovant plaintiff.
Accordingly, as between plaintiff and the Hills, the former is awarded summary judgment on the third cause of action to the extent indicated in this decision. Pursuant to such judgment, the Hills become tenants in common with the plaintiff insofar as possession, rents and profits are concerned. The right of survivorship as in Son Fong Lum v Antonelli (supra) remains unaffected.
In conclusion, it must be noted that this result is not a harsh one as to the Hills, although it cannot be gainsaid that it appears to be. The Hills after all have a remedy against Geraldine Field and Van Voorhis for fraud. Moreover, as Judge Titone stated in Thurmond v McGrath (supra, at p 852), "title insurance is available to purchasers of real estate [to protect] them against situations such as this one”. The Hills have such insurance.
Settle order on notice.

. The deed actually named Harold J. Field and Geraldine Field, his wife, as conveying grantors and Geraldine Field as grantee.

. As will be shown later the plaintiff may be entitled to relief regardless of the innocence of a purchaser for value.

. Anyone familiar with closing procedures in the City of New York is aware that a seller or buyer often executes affidavits to the title company which the other party does not necessarily inspect.