■ Yin Wu, Appellant, v Richard Wu et al., Defendants, and Eric Wong et al., Respondents. [733 NYS2d 45] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 27, 2001, which granted plaintiff's motion to renew and reargue a prior order dismissing the action against defendants Wong and Zhou and, upon reargument, adhered to its original determination, unanimously modified, on the law, to deny the underlying motion to dismiss, the complaint reinstated, and otherwise affirmed, without costs. Order, same court and Justice, entered September 20, 2000, insofar as it denied plaintiff's motion for partial summary judgment as against all defendants, unanimously affirmed, without costs.

This is an action to impose a constructive trust on a two-family dwelling situated in Brooklyn which plaintiff purchased in 1987. Almost five years later, plaintiff alleges, his brother forged his name on a deed to this property which purported to transfer ownership to his brother's estranged wife, Wai Ming Ho, in exchange for her agreement to forego seeking alimony and child support from him in a divorce proceeding. In 1997 Ho sold the property to defendants Wong and Zhou. The IAS court dismissed plaintiff's complaint as to defendants Wong and Zhou, relying on Real Property Law § 266 and *Emerson Hills Realty v Mirabella* (220 AD2d 717), since there was no allegation of defendants' complicity or prior knowledge of the brother's fraud.

A forged deed is void and conveys no title (*see, Marden v Dorthy*, 160 NY 39; *Kraker v Roll*, 100 AD2d 424, 430-431; *Caccioppoli v Lemmo*, 152 App Div 650). " '[A] person cannot be a bona fide purchaser through a forged deed' " since the forger has no title to convey in the first instance (*Field v Field*, 130 Misc 2d 751, 754, quoting 2A Warren's Weed, New York Real Property, Forgery, § 1.04). Real Property Law § 266 applies to fraud situations that are voidable, not those which are void such as here where a forged deed is alleged. The IAS court's dismissal of plaintiff's action for failure to state a cause of action, based on the ground that defendants were bona fide purchasers for value, was in error. Plaintiff's motion for partial summary judgment was, however, properly denied since there are numerous, unresolved factual questions about what and when plaintiff knew about his brother's actions. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.