**In re ESTATE OF SHELTON, Deceased.**

[Cite as *In re Estate of Shelton,* 154 Ohio App.3d 188, 2003-Ohio-4593.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2002–G–2424.

Decided Aug. 29, 2003.

Mark J. Hassett and Heidi M. Cisan, for appellant estate of James K. Shelton.

Myron D. Wheatley, for appellees Donna Willaford Rowland and Ronald Rowland.

---

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} This is an accelerated appeal of the judgment of the Geauga County Court of Common Pleas, Probate Division, which sustained appellees' objection to the inventory filed in the estate of James K. Shelton.

{¶ 2} The parties stipulated that "[o]n the 19th of March, 1974 Jesse Cleverdon executed an estate by the entireties with survivorship deed transferring real estate to James Shelton and Mary Elizabeth Shelton." This deed is the subject of the instant action. It conveyed property located at 15365 Nash Road, Parkman Township.

{¶ 3} The parties also stipulated that "[a]t the time of the transfer Mary Elizabeth Shelton was married to Ralph Rowland. Her legal name at the time of the transfer was Mary Elizabeth Rowland. Mary Elizabeth Rowland and Ralph Rowland were divorced in 1979. She resided with James Shelton from the time the property was transferred until the date of her death. Mary Elizabeth Rowland died intestate on January 29, 1981. James Shelton died intestate October 17, 2001."

{¶ 4} The procedural posture is that appellant, administrator of the estate of James K. Shelton, filed an application to relieve estate from administration and an inventory. Appellees filed objections to the inventory. The parties disagreed as to the ownership interest of James Shelton in the Nash Road property. Appellant included the entire interest in decedent's estate. Appellees contended that only an undivided one-half interest in the real estate was properly included in the inventory.

{¶ 5} After a hearing on the inventory, the probate court sustained appellees' objection. It is from this decision that appellant appeals, asserting one assignment of error:

{¶ 6} "The trial court erred as a matter of law in finding that the Estate of James K. Shelton had only an undivided one-half interest in the Nash Road Property."

{¶ 7} This appeal presents an issue of apparent first impression in Ohio: What is the nature of the estate created when an estate by the entireties with survivorship deed is used to transfer realty to persons described as husband and wife, but who are, in fact, not married? We hold that where the deed contains express survivorship language, the grantees take title as joint tenants with right of survivorship. Therefore, we reverse the judgment of the trial court.

{¶ 8} A hearing on exceptions to an inventory is a summary proceeding to determine whether the inventory included more or less than the decedent owned at the time of his death. *In re Estate of Etzensperger* (1984), 9 Ohio St.3d 19, 21, 9 OBR 112, 457 N.E.2d 1161; *In re Estate of Platt*, 148 Ohio App.3d 132, 2002-Ohio-3382, 772 N.E.2d 198, ¶ 13. Generally, we review a probate court's decision on an inventory hearing under an abuse-of-discretion standard. Id. However, the issue in the case sub judice clearly presents a question of law, i.e., what estate is created when unmarried persons take property under a tenancy by

the entireties deed? Therefore, we review the probate court's decision de novo. See *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949 ("The construction of written contracts and instruments of conveyance is a matter of law. Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." [Internal quotations and citations omitted.] ).

{¶ 9} We begin our analysis with a review of the common-law estates of joint tenancy and tenancy by the entireties. At common law, the creation of a joint tenancy required the concurrence of the four unities of time, title, interest, and possession. See, generally, *Cleaver v. Long* (1955), 69 Ohio Law Abs. 488, 126 N.E.2d 479. An incidental right of survivorship characterized this estate. Thus, under the common-law joint tenancy, two or more persons held the estate and during their lives were equally entitled to the enjoyment of the land. On the death of one, his share vested in the survivor or survivors, until one remained, and upon his death, the estate descended to his heirs. Id. The common-law joint tenancy with incidental right of survivorship does not exist in Ohio. *In re Hutchinson* (1929), 120 Ohio St. 542, 166 N.E. 687, paragraph two of the syllabus; *Foraker v. Kocks* (1931), 41 Ohio App. 210, 217, 180 N.E. 743; *Donvito v. Criswell* (1982), 1 Ohio App.3d 53, 54, 1 OBR 286, 439 N.E.2d 467. Where a joint tenancy is expressed without words of survivorship, it is construed as a tenancy in common,[1] i.e., without a right of survivorship. *Foraker*, 41 Ohio App. at 217, 180 N.E. 743.

{¶ 10} The estate of tenancy by the entireties required the concurrence of the five unities of time, title, interest, possession, and person. *Donvito*, 1 Ohio App.3d at 55, 1 OBR 286, 439 N.E.2d 467. As with joint tenants, each tenant by the entirety is vested with a right of survivorship. Id.

{¶ 11} "However, unlike a joint tenancy, the husband and wife in an estate by the entireties hold the property as a single entity and thus are seized per tout et non per my (seized of the whole but not of a share). Therefore, ' * * * the whole estate held by the husband and wife continues in the surviving spouse, not because he or she is vested with any new interest, but because each originally took the whole or entirety to continue to the survivor. * * * ' " (Internal citation omitted.) Id.

{¶ 12} Prior to the adoption of R.C. 5302.17 in 1973, Ohio did not recognize an estate by the entireties. *Donvito*, 1 Ohio App.3d at 54, 1 OBR 286, 439 N.E.2d 467. Therefore, an attempt to create a tenancy by the entireties with an

---

1. A tenancy in common requires only unity of the right of possession.

*incidental* right of survivorship would fail and the parties would take title as tenants in common, thus having no right of survivorship.

{¶ 13} Unity of person, unique to the estate of tenancy by the entireties, limited this estate to conveyances to a husband and wife both under the common law and R.C. 5302.17 (eff. 11–22–73).[2] Put another way, if the grantees under such a deed were not husband and wife, the tenancy-by-the-entireties language failed.

{¶ 14} In the instant case, Jesse Cleverdon transferred the Nash Road property to James Shelton and Mary Elizabeth Shelton by an estate by the entireties with survivorship deed. The General Assembly did not provide a definition of an estate by the entireties when it adopted former R.C 5302.17. Therefore, the common-law definition controls. *Cent. Natl. Bank of Cleveland v. Fitzwilliams* (1984), 12 Ohio St.3d 51, 53–54, 12 OBR 43, 465 N.E.2d 408.

{¶ 15} Since James Shelton and Mary Elizabeth Shelton were not married at the time of the conveyance, they lacked unity of person, and no estate by the entireties was created. According to appellees, this is the end of the analysis. Since there is no estate by the entireties, there is no survivorship interest; James Shelton and Mary Elizabeth Shelton took title as tenants in common, and, thus, the probate court properly determined that only an undivided one-half interest in the Nash Road property was properly included in the inventory. Unfortunately for appellees, this is not the end of the analysis.

{¶ 16} Courts have treated the failure of tenancy-by-the-entireties language in two ways. One line of cases holds that the failure causes the grantees to take title as tenants in common, thus with no right of survivorship. See, e.g., *Donnelly v. Donnelly* (1951), 198 Md. 341, 84 A.2d 89; *Hubatka v. Maierhoffer* (1911), 81 N.J.L. 410, 79 A. 346; *McKee v. Bevins* (1917), 138 Tenn. 249, 197 S.W. 563; *Nottingham v. Denison* (Fla.1953), 63 So.2d 269; *St. Pierre v. Estate of St.*

---

2. {¶ a} This statute provided in relevant part:

{¶ b} "A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, * * * creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

{¶ c} "ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED. . . . . (marital status), of . . . . . . . . county, . . . for valuable consideration paid, grant(s), (covenants, if any), to . . . . . . and . . . . . . . ., husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is . . . . . . . ., the following real property:

{¶ d} "(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

{¶ e} "Prior Instrument Reference: Volume . . . . . ., Page . . . ., wife (husband) of the grantor, releases all rights of dower therein.

{¶ f} "Witness . . . . . hand this . . . . day of . . . . . . (Execution in accordance with Chapter 5301. of the Revised Code)."

*Pierre* (1968), 381 Mich. 48, 158 N.W.2d 891; *In re Estate of Kappler* (1983), 418 Mich. 237, 341 N.W.2d 113; *Fuss v. Fuss* (1977), 373 Mass. 445, 368 N.E.2d 276; *Keller v. Porchey* (Mo.App.1977), 560 S.W.2d 257; *Thurmond v. McGrath* (1972), 70 Misc.2d 849, 334 N.Y.S.2d 917; *Place v. Cundaro* (1970), 34 A.D.2d 698, 309 N.Y.S.2d 714; *In re Estate of Snyder* (Mo.App.1994), 880 S.W.2d 596.

{¶ 17} The other line of cases holds that the failure causes the grantees to take title as joint tenants, with right of survivorship. See, e.g., *Funches v. Funches* (1992), 243 Va. 26, 413 S.E.2d 44; *Kent v. O'Neil* (Fla.1951), 53 So.2d 779; *In re Estate of Rodio* (1978), 164 N.J.Super. 555, 397 A.2d 381.

{¶ 18} While Ohio has never recognized an *incidental* right of survivorship for joint tenancy or tenancy by the entireties, this state has long recognized the right of parties to contract for such a right. In *Hutchinson,* the court held:

{¶ 19} "While joint tenancy with the incidental right of survivorship does not exist in Ohio parties may nevertheless contract for a joint ownership with the right of survivorship and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship as an incident to the joint tenancy but by the operative provisions of the contract."[3] Id. at paragraph two of the syllabus. See, also, *Lewis v. Baldwin* (1842), 11 Ohio 352, 354, 1842 WL 26 ("He holds title, not upon the principle of survivorship, as an incident to a joint tenancy, but as grantee in fee, as survivor, by the operative words of the deed. The entire estate, by the death of the wife, is vested in him and his heirs. This is the effect of the words of the grant, contained in the instrument of conveyance."); *Foraker,* 41 Ohio App. at 217, 180 N.E. 743; *Spitz v. Rapport* (1992), 78 Ohio App.3d 330, 604 N.E.2d 801; *Dold v. Powers* (Jan. 12, 1994), 1st Dist. No. C–920954, 1994 WL 6002.

{¶ 20} Therefore, where the words of the instrument of conveyance clearly show the parties' intent to create a right of survivorship, courts will give effect to those words. *Lewis,* 11 Ohio at 354, 1842 WL 26. This is an *express* right of survivorship.

{¶ 21} There is a clear distinction between those cases cited above holding that the failure of the tenancy-by-the-entireties language created a tenancy in common, and those holding that a joint tenancy with right of survivorship was created. The deeds in the latter contained express language stating that a right of survivorship existed. Those finding a tenancy in common relied on the tenancy-by-the-entireties language itself to create the right of survivorship, i.e., incidental survivorship. For example, in *Rodio,* the deed conveyed property to

---

3. While the joint tenants in that case were married, nothing in the opinion suggests that the outcome would have been different were they not.

"Joseph Rodio and Julia Rodio, his wife, with right of survivorship." *Rodio,* 164 N.J.Super. at 557, 397 A.2d 381. The court held that this language clearly expressed intent to create a joint tenancy with right of survivorship, even though the grantees were not married and, thus, could not take as tenants by the entireties. In *Kappler,* the deed stated only that it conveyed property to Arthur Slone and Violet Slone, husband and wife, as tenants by the entireties. *Kappler,* 418 Mich. at 238, 341 N.W.2d 113. The deed contained no express survivorship language. The court held that, because the grantees were unmarried, they took title as tenants in common. Id. at 240, 341 N.W.2d 113.

{¶ 22} Thus, we must determine whether the deed at issue contractually, i.e., expressly, established a right of survivorship in the grantees, James Shelton and Mary Elizabeth Shelton.

██ {¶ 23} The following rules govern our review of the probate court's interpretation of the deed. "The construction of written contracts and instruments of conveyance is a matter of law." *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus. We review the probate court's determination on a question of law de novo. See *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. "The purpose of contract construction is to discover and effectuate the intent of the parties. * * * The intent of the parties is presumed to reside in the language [used] in their agreement." *Graham,* 76 Ohio St.3d at 313, 667 N.E.2d 949, citing *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. In arriving at the meaning of any part of the deed, the instrument must be read in its entirety in order to give effect to the intention of the parties. See *Stocker & Sitler, Inc. v. Metzger* (1969), 19 Ohio App.2d 135, 142, 48 O.O.2d 254, 250 N.E.2d 269.

██ {¶ 24} The probate court found that "[n]o evidence was presented which supports a finding that the parties contracted for the creation of a survivorship deed." In fact, the deed itself is sufficient to show that the parties intended to create a survivorship deed.

{¶ 25} The operative language of the deed provides: "I, Jesse Cleverdon, * * * [g]rant(s) * * *, to James Shelton and Mary Elizabeth Shelton, husband and wife, for their joint lives, remainder to the survivor of them * * *." In *Hutchinson,* the court stated:

{¶ 26} "It would not be controverted that either a gift or a grant could have been made to them by a third person, either of real or personal property, either by deed or by will, to be owned by them jointly as tenants in common, with a gift or grant of survivorship. Such a provision is a very familiar one in wills and is

uniformly enforced. It is occasionally, though less frequently, found in deeds, and no case is found of a refusal by any court to enforce such a provision." Id. at 546, 166 N.E. 687. See, also, *Murphy v. Murphy* (1991), 77 Ohio App.3d 573, 602 N.E.2d 1216; *Gardner v. Cooke* (July 31, 1985), 12th Dist. No. CA84–12–087, 1985 WL 7692.

{¶ 27} Such is the case here. The language of the deed evidences a grant to James Shelton and Mary Elizabeth Shelton with a right of survivorship. The fact that the estate-by-the-entireties language failed does not mean that the survivorship language also failed. The intent of the parties as gleaned from the face of the deed was to create a right of survivorship. Courts must give effect to this intent. See *Stocker & Sitler, Inc.*, 19 Ohio App.2d at 142, 48 O.O.2d 254, 250 N.E.2d 269.

{¶ 28} In addition to *Hutchinson*, other Ohio cases support our decision. In *Murphy*, supra, Glenna and William Murphy were divorced but subsequently reconciled. They never remarried. After their reconciliation, they purchased real estate. The deed conveyed the real estate to "William J. Murphy, single, and Glenna A. Murphy, single, for their joint lives, remainder to the survivor of them, their separate heirs and assigns." Id. at 574, 602 N.E.2d 1216. Glenna and William again separated after the purchase of the property. William then executed a deed purporting to convey his interest to Thomas J. Geyan, trustee. After William died, Glenna filed an affidavit of transfer to survivor to show her to be the sole owner of the property. Subsequently, the trustee transferred his interest to Michael Murphy. Michael Murphy filed an action to partition the property to obtain his interest in the real estate.

{¶ 29} The court concluded that the inter vivos transfer did not sever the joint tenancy or extinguish the right of survivorship. In reaching this conclusion the court cited *Hutchinson* and *Lewis*, supra, for the proposition that a contractual right of survivorship could be created by an express provision in a conveyance. *Murphy*, 77 Ohio App.3d at 575, 602 N.E.2d 1216. The court then stated:

{¶ 30} "[T]he right of survivorship in Ohio arises from the contractual language of the granting instrument, not as an incident of a joint tenancy as it existed at common law, and we can perceive no basis in contract why a joint tenant should be able to transfer more of an interest than he was originally granted under the deed." Id. at 576, 602 N.E.2d 1216.

{¶ 31} In *Dold*, supra, Helen Dold conveyed real estate to herself and her son, Raymond Dold, "for and during their joint lives, remainder in fee simple to the survivor of them, her and his heirs and assigns forever." Id. at 1, 1994 WL 6002. This deed was created before Ohio recognized survivorship tenancies by statute. Id. Helen then quitclaimed her interest in the property to her granddaughter, Sue Nan Powers. After Helen's death, Powers sought to partition the property.

The court, relying on *Murphy*, affirmed the trial court's finding that, because of the survivorship language in the conveyance from Helen Dold to herself and Raymond Dold, Raymond Dold was the sole owner of the property. *Murphy* and *Dold* confirm that the express provision for a survivorship interest in a deed vests the survivor with a contractual right to that interest.

{¶ 32} We find further support for our decision in two cases that ultimately held that the unmarried grantees took title as tenants in common. In *Place*, supra, the decedent conveyed property to himself and his purported wife, as tenants by the entireties. Id. at 715. In concluding that the grantees took title as tenants in common the court stated:

{¶ 33} "Unquestionably, the conveyance did not create a tenancy by the entirety and when a tenancy by the entirety fails because there exists no marriage between the parties a tenancy in common has been consistently held to result. *Only where there is express language of survivorship in the granting of habendum clauses of the conveyance or specific language negating an intent to create a tenancy in common can a joint tenancy instead be found.*" (Internal quotations and citations omitted.) (Emphasis added.) Id. at 715–716.

{¶ 34} Likewise in *Snyder*, supra, the court found that the parties had created a tenancy in common where there was "insufficient evidence in the record to support a clear expression of intent of survivorship." Id. at 599. The court stated:

{¶ 35} "The deed was a standard form deed. The only words the parties supplied were 'Mark E. Snyder and Catherine J. Snyder, his wife.' The printed part of the deed contained only the standard clause 'to their heirs and assigns.' There are no other words to indicate a survivorship interest." Id. See, also, *Foraker*, supra, 41 Ohio App. at 217–218, 180 N.E. 743.

{¶ 36} In the instant case, the parties clearly expressed their intent to create a survivorship interest. The deed conveyed the property to "James Shelton and Mary Elizabeth Shelton, husband and wife, for their joint lives, remainder to the survivor of them." Thus, the facts in the instant case are distinguishable from those cases cited above that found that the failure of the tenancy by the entireties resulted in the grantees' taking title as tenants in common, and fit squarely with those cases cited that held that a joint tenancy with right of survivorship resulted.

{¶ 37} The express language of the deed granted James Shelton a contractual survivorship interest in the whole of the real estate. Nothing in the record shows a contrary intention. Thus, we must give effect to the express language of the deed and by construing the deed to create a joint tenancy with right of survivorship we do so. See, generally, *Hutchinson; Lewis; Funches; Rodio; Kent*, supra.

{¶ 38} Further, our holding most closely comports with the language of the deed. The deed is titled "Estate by the Entireties with Survivorship Deed." The deed conveys the Nash Road property as follows: "I, Jesse Cleverdon, single, * * * [g]rant(s) * * *, to James Shelton and Mary Elizabeth Shelton, husband and wife, for their joint lives, remainder to the survivor of them * * *."

{¶ 39} Cleverdon sought to convey the property to James and Mary Shelton as tenants by the entireties. This failed because James and Mary were not husband and wife. The estate most similar to the estate by the entireties is a joint tenancy with right of survivorship; the primary difference being the latter's lack of unity of person. See *United States v. Jacobs* (1939), 306 U.S. 363, 370, 59 S.Ct. 551, 83 L.Ed. 763 ("A tenancy by the entirety is essentially a joint tenancy, modified by the common law theory that husband and wife are one person. Only a fiction stands between the two. Survivorship is the predominant and distinguishing feature of each. The grand incident of joint estate is the doctrine of *survivorship,* by which, when two or more persons are seized of a joint estate, * * * the entire tenancy upon the decease of any of them remains to the survivors, and at length to the last survivor; and he shall be entitled to the whole estate, whatever it may be." [Internal quotations and citations omitted.] [Emphasis sic.] ).

{¶ 40} By finding that the deed created a joint tenancy with right of survivorship, we read out of the deed only the words "Estate by the Entireties" and "husband and wife." Were we to agree with appellees and find that the grantees held title as tenants in common, we would eliminate those words as well as the phrase "for their joint lives, remainder to the survivor of them * * *," thus completely reforming the instrument and denying the clear intention of the parties. Further, this interpretation would result in the property being held in the estate least similar to that contemplated by the parties.

{¶ 41} James K. Shelton and Mary Elizabeth Shelton were not married at the time of the conveyance; therefore, the language in the deed purporting to create an estate by the entireties failed. However, the deed contractually created a survivorship interest in the grantees. Upon Mary Elizabeth Shelton's death, James K. Shelton became the sole owner of the property; therefore, the probate court erred in finding that the inventory of the estate of James K. Shelton included only an undivided one-half interest in the realty.

{¶ 42} For the foregoing reasons, the judgment of the Geauga County Common Pleas Court, Probate Division, is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

JUDITH A. CHRISTLEY, J., concurs.

DIANE V. GRENDELL, J., dissents.

DIANE V. GRENDELL, Judge, dissenting.

{¶ 43} This case involves a matter of first impression for this court, to wit, What is the ownership status of unmarried grantees under a tenancy-by-the-entireties deed?

{¶ 44} The lower court ruled that the unmarried grantees in this case held title as tenants in common. The majority reverses that decision. Some courts have followed the majority's approach. *Beaton v. LaFord* (1977), 79 Mich.App. 373, 261 N.W.2d 327; *Young v. Young* (1977), 37 Md.App. 211, 376 A.2d 1151. Other courts have held that an attempted entireties conveyance to two persons as husband and wife, when they were not legally married, created a tenancy in common. *In re Estate of Kappler* (1983), 418 Mich. 237, 341 N.W.2d 113; *Fuss v. Fuss* (1977), 373 Mass. 445, 368 N.E.2d 276. Since I find that the latter analysis is more appropriate, I respectfully dissent.

{¶ 45} Tenancy by the entireties is, in its fundamental essence, a marital issue. The gravamen of an estate by the entireties is the existence of, and continuation of, a marital relationship between the cotenants. Such an estate cannot arise from even the most explicit conveyance language to a man and woman who are not legally married to each other. *Keller v. Porchey* (Mo.App.1977), 560 S.W.2d 257.

{¶ 46} In several jurisdictions, an attempted conveyance by the entireties defaults to the creation of tenants in common when the grantees are not legally married. *Thurmond v. McGrath* (1972), 70 Misc.2d 849, 334 N.Y.S.2d 917; *Place v. Cundaro* (1970), 34 A.D.2d 698, 309 N.Y.S.2d 714; *St. Pierre v. Estate of St. Pierre* (1968), 381 Mich. 48, 158 N.W.2d 891; *Hildebrand v. Hildebrand* (1966), 25 A.D.2d 698, 268 N.Y.S.2d 44; *Nottingham v. Denison* (Fla.1953), 63 So.2d 269; *Donnelly v. Donnelly* (1951), 198 Md. 341, 84 A.2d 89; *McKee v. Bevins* (1917), 138 Tenn. 249, 197 S.W. 563. While there are cases in other jurisdictions to the contrary, the above-referenced decisions provide persuasive arguments to support the conclusion that an entireties conveyance to unmarried grantees results in the grantees' holding title to the property so conveyed as tenants in common.

{¶ 47} In this case, title was transferred "to James Shelton and Mary Elizabeth Shelton, *husband and wife*." (Emphasis added.) By using those precise words, the grantor clearly attempted to create an estate by the entireties. See former R.C. 5302.17 (eff. 11–22–73).

{¶ 48} Since the deed in this case could *not* create an estate by the entireties, the issue becomes the ownership status of the parties. Absent an express

contract, the status devolves to tenants in common. *In re Estate of Snyder* (Mo.App.1994), 880 S.W.2d 596.

{¶ 49} The majority concludes that the deed, itself, evidences an intent to create a joint tenancy. However, the parties' only documented intent in this case was to create a survivorship interest in an estate *by the entireties*. If the intent was simply to create a simple (non-entireties) survivorship interest, the words "estate by the entireties" and "husband and wife" were not necessary in the deed. The survivorship language in the deed heavily relied upon by the majority is simply the statutory language for creating a tenancy by the entireties with words of survivorship. Former R.C. 5302.17 prescribed the following statutory form of deed, which, when followed in substance, created an estate by the entireties:

"ESTATE BY THE ENTIRETIES
WITH SURVIVORSHIP DEED

"_____(marital status), of _____county, _____for valuable consideration paid, grant(s), (covenants, if any), to _____ and _____, husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is_____, the following real property:

"(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

"Prior Instrument Reference: Volume _____, Page _____ wife (husband) of the grantor, releases all rights of dower therein."

{¶ 50} Use of this statutory entireties deed form language (that includes words of survivorship as part of the entireties deed) further evidences the intent in this case to create a tenancy by the entireties.

{¶ 51} Unfortunately, the individuals who could provide evidence to any other intent in this case are deceased. There is no documented agreement between Mary Rowland and James Shelton in this case. To take a leap and transform the explicit *entireties* conveyance deed into a separate survivorship deed is legally and analytically incorrect. There must first be a valid, identifiable ownership interest between the parties as was the case in *In re Hutchinson* (1929), 120 Ohio St. 542, 166 N.E. 687, cited by the majority. A nonmarital joint interest is a separately recognized common-law contractual real estate interest. The parties in this case had a choice, and based on the evidence, their specific intent was to create a tenancy by the entireties, which they legally failed to accomplish.

{¶ 52} The majority's reliance on *Hutchinson* is misplaced. *Hutchinson* focuses on an agreement between a legally married couple regarding property they already owned. In the instant case, the majority focuses on the survivorship language while glossing over the issue of marital fraud. *Hutchinson* does not address marital fraud. Additionally, *Hutchinson* was issued 54 years *before* the

statutory creation of tenancies by the entireties, and focuses on the devise of personal property (i.e., stock certificates).

{¶ 53} The probate court correctly ignored the superfluous statutory tenancy-by-the-entireties form survivorship language contained in the deed. Since the parties were not married, they could not establish an estate by the entireties. Since the language found in the statutory entireties form of the deed creates only a tenancy by the entireties and does not create a joint tenancy with rights of survivorship, only one form of ownership is left, that of a tenancy in common. The probate court did not err when it ignored that entireties-form survivorship language contained in the deed and ruled that a tenancy in common had been created.

{¶ 54} For the reasons discussed above, the probate court below was correct in holding that the deed for the Nash Road Property did not afford a right of survivorship to James K. Shelton. The lower court was correct in determining that the estate of James K. Shelton did not include the entire interest in the Nash Road Property. The probate court's decision should be affirmed.