■ EULAN EUBA, Appellant, v JANCIE EUBA, Defendant, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent. [835 NYS2d 688]—In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 3, 2006, as granted that branch of the motion of the defendant Mortgage Electronic Registration Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Mortgage Electronic Registration Systems, Inc., which was for summary judgment dismissing the plaintiff's cause of action for rescission insofar as asserted against that defendant and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

The defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), demonstrated, prima facie, its entitlement to summary judgment dismissing the complaint insofar as asserted against it. In response, the plaintiff raised a triable issue of fact as to whether or not the deed from the plaintiff to the defendant Jancie Euba, MERS's mortgagor, was void (*see First Natl. Bank of Odessa v Fazzari* 10 NY2d 394, 397-398 [1961]; *Marden v Dorthy,* 160 NY 39, 46-49 [1899]; *see also Cruz v Cruz,* 37 AD3d 754 [2007]; *Yin Wu v Wu,* 288 AD2d 104, 105 [2001]; *cf. Dalessio v Kressler,* 6 AD3d 57, 61 [2004]; *Mechwart v Mechwart,* 292 AD2d 354 [2002]). Accordingly, the Supreme Court should have denied that branch of MERS's motion which was for summary judgment dismissing the plaintiff's cause of action for rescission of that deed insofar as that cause of action was asserted against MERS (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contention as to her complaint is without merit.

MERS's contention that it is entitled to an equitable first lien in the principal sum of $160,554.13 is not properly before this

Court, as MERS did not cross-appeal from so much of the order as, in effect, denied that branch of its motion which was for summary judgment on its counterclaim. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.